**UNITED STATES, Appellant,**

v.

**Sandy R. CARLISLE, Aviation
Ordnanceman Third Class,
U.S. Navy, Appellee.**

No. 57,730.
NMCM 86 0149.

U.S. Court of Military Appeals.

March 7, 1988.

For the U.S.: *Lieutenant Commander Lawrence W. Muschamp, JAGC, USN* (argued); *Captain Wendell A. Kjos, JAGC, USN* (on brief).

For the Accused: *Captain Mark Foster, USMCR* (argued); *Lieutenant Commander Robert J. Smith, JAGC, USN* (on brief); *Major J.L. Powers,* USMC.

*Opinion of the Court*

COX, Judge:

This is another case in which we are called upon to determine if the accused was denied a speedy trial under R.C.M. 707, Manual for Courts-Martial, United States, 1984. The accused was charged with sodomizing a female under the age of 16. He negotiated a guilty plea agreement with the Government and, pursuant thereto, was convicted and sentenced to 3 years' confinement, partial forfeiture of pay, reduction in grade, and a dishonorable discharge.[1] The convening authority approved the sentence but suspended part of the confinement.

On appeal, the Court of Military Review dismissed the charges against him, "reluctantly" finding that he had been denied a speedy trial. Unpub. op. at 1. The Judge Advocate General then certified two questions to this Court for consideration.[2] Having carefully reviewed the opinion of the court below and the record of trial, as well as the excellent briefs and arguments provided by counsel for the Government and the accused, we conclude that the Court of Military Review did not err by dismissing the charges and specifications. We base our decision on the fact that:

1. The accused reserved the right to litigate the speedy-trial issue under the provisions of R.C.M. 910(a)(2), Manual for Courts-Martial, United States, 1984.

2. These questions are as follows:

I

WHETHER A MILITARY ACCUSED WHO IS NOT IN PRETRIAL CONFINEMENT IS ESTOPPED FROM ASSERTING A LACK OF SPEEDY TRIAL ON MOTION TO DISMISS THE CHARGES WHEN THE TRIAL DATE EXCEEDING THE 120–DAY REQUIREMENT WAS DELIBERATELY SELECTED BY HIS OWN DETAILED DEFENSE COUNSEL.

First, it is incumbent upon the Government to bring an accused to trial within the allotted time, and it is in the Government's interest that there be speedy disposition of charges. Absent lawful reasons for delay, the rule must be followed strictly.

Second, we aspire to give due deference to the Courts of Military Review in the discharge of their duties, particularly as those duties relate to matters within the respective branches of the armed forces. *United States v. Turk,* 24 M.J. 277 (C.M.A. 1987). We uphold the determination of the Court of Military Review that time consumed in pretrial negotiations is not attributable to the defense absent an express request for delay from the accused. Unpub. op. at 5, *citing United States v. Harris,* 20 M.J. 795 (N.M.C.M.R.1985). The court was correct "in holding that the ... [military] judge mistakenly excluded nine days from the period of time for which the Government would be held accountable as a delay in Article 32 proceedings implicitly requested by the defense and ... excludable under" R.C.M. 707(c)(3). *See* certified question II.

Considering the question of whether an accused who is not confined before trial is barred from claiming "lack of speedy trial" when his own counsel was responsible for selecting a trial date beyond the 120–day requirement, the facts are worth discussing. Hopefully, the situation is unique to the requirements placed upon

II

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED IN HOLDING THAT THE TRIAL JUDGE MISTAKENLY EXCLUDED NINE DAYS FROM THE PERIOD OF TIME FOR WHICH THE GOVERNMENT WOULD BE HELD ACCOUNTABLE AS A DELAY IN ARTICLE 32 PROCEEDINGS IMPLICITLY REQUESTED BY THE DEFENSE AND THUS EXCLUDABLE UNDER RULE 707(c)(3), RULES FOR COURTS–MARTIAL.

United States Navy judge advocates in the execution of their duties.

Here, as the date of the accused's trial approached, detailed defense counsel was appointed to be the head of the Trial Division, a job in which one of the primary duties was to ensure that courts-martial were docketed in a timely manner. The responsibility of prosecuting the accused had been assigned to another Navy judge advocate who had been performing as a claims officer. On the 117th day after charges had been preferred, trial counsel, *upon the suggestion* of defense counsel, agreed to set the trial for a date exceeding the 120–day limit (the 136th day).

In *United States v. Burris*, 21 M.J. 140 (C.M.A.1985), we imposed an ethical responsibility upon all counsel, in their dealings with one another, not to engage in practices which mislead or inadvertently deceive those responsible for docketing cases into setting trial dates which violate speedy-trial requirements. However, the suggestion that, somehow, the accused should be denied his right to a speedy trial according to R.C.M. 707 because of counsel's misconduct begs the question presented. *See United States v. Cherok*, 22 M.J. 438 (C.M.A.1986), where we said that "it must not be forgotten that the Government has both the power and the burden to prevent speedy-trial problems." *Id.* at 440. Regardless of which counsel is to blame, the fact remains that the Government did not bring the accused to trial within the allotted time, and we see no reason to reverse the determination of the Court of Military Review that speedy-trial rules were violated.

Our review has shown us that apparently the Government made no effort to set this case for trial until the 117th day, and the Naval Legal Services Office Commander, who, under Navy practice, supervises both trial and defense counsel, approved annual leave for the accused's individual military defense counsel. There is nothing in the record or briefs which suggests any regard or concern for the fact that 120 days were about to elapse in the processing of this

case. Also, there is nothing in the record to indicate that either the *convening authority or the military judge* granted a continuance beyond the 120–day limit. In other words, there is neither legal justification nor excuse for the delay, nor is there anything in the record to suggest that the delay was used to enhance the accused's defense.

Quite frankly, from the records we see, it appears as though some military judges, staff judge advocates, Naval Legal Services Office commanders, trial counsel, and defense counsel regard R.C.M. 707 as though it were a numbers game—where days are just added and subtracted, a day or two here or there, quibbling about this or that, blaming trial or defense counsel, deciding later if the rule has been honored or broken. Implementing speedy trial rules in such a cavalier manner was never intended and is improper; it will simply not be tolerated.

ON DAY NUMBER 1, EVERYONE ASSOCIATED WITH A CASE SHOULD KNOW WHAT DAY WILL BE NUMBER 120. In fact, we find it incredible that every file does not have written conspicuously across its face a *must go* or action due date, and that someone is not tasked with accounting for each case, every day. Can you imagine what would happen to the captain of a ship who did not keep track of such important date/time limitations and his behavior caused his vessel to miss an important rendezvous with other ships of the fleet. He most probably would be relieved of his command for dereliction of duty.

■ In our judgment, each day that an accused is available for trial is chargeable to the Government, unless a delay has been approved by either the convening authority or the military judge, in writing or on the record. *United States v. Burris, supra* at 145; *United States v. Schilf,* 1 M.J. 251 (C.M.A.1976). *See also United States v. Carrasquillo,* 667 F.2d 382 (3d Cir.1981).

In any event, our point is simple. Even though the Government has made a compelling argument here that this accused

should not get a windfall dismissal of his charge under the unique circumstances of this case, the fact still remains that, while there was a great deal of fervent activity during the last 3 days of the 120–day period, there was little, if any, activity during the first 117 days. The duty to proceed in these matters in a timely, efficient manner is imperative at all stages of the process, from the first minute of day 1 to the last minute of day 120. Interestingly enough, we cannot help but observe that in those cases where the Government has been ready, willing, and able to go forward, written defense requests and motions for delay usually have been quick to follow. Thus, appellate courts are not put in the position of having to create exceptions to save the Government from its own negligence without providing "loopholes" that could be used in other cases.

We answer the certified questions in the negative.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (dissenting):

I dissent for the reasons stated by Senior Judge Coughlin in his opinion, which is attached hereto as an appendix.

## APPENDIX

COUGHLIN, Senior Judge (dissenting):

I would affirm the findings and sentence for the reasons set forth below.

Contrary to the opinion of majority and the appellant's assignment of error, I opine that the military judge reached the right decision in denying the speedy trial motion but for the wrong reasons.

I agree with the majority and the appellant that the military judge erred in finding the Government not accountable for periods of delay during which defense offers of pretrial agreements were pending. An offer of a pretrial agreement is not an implied request for or consent to delay by the defense under R.C.M. 707(c)(3). *United States v. Harris*, 20 M.J. 795 (N.M.C.M.R. 1985). Nor does the period during which the pretrial agreement decision is pending constitute a period of delay for "good cause" under R.C.M. 707(c)(8). *See United States v. Kuelker*, 20 M.J. 715 (N.M.C.M.R. 1985).

I disagree, however, with both the majority and the military judge concerning the legal effect of a defense counsel's proposal for a specific trial date. In my view, such a proposal by the legal representative of the accused that he be tried on a certain date is tantamount to a defense request for or consent to a delay in the proceedings to that date under R.C.M. 707(c)(3). *Cf. United States v. Burris*, 21 M.J. 140 (C.M.A. 1985).[1] I would particularly so find in the case *sub judice* wherein detailed defense counsel, several days prior to the running of the 120 days, proposed a trial date substantially beyond the 120 days.

Periods of Government accountability under Rule 707, and the exclusions therefrom, are not dependent on its representative's state of mind. The Rule, in and of itself, excludes periods of "delay resulting from a delay in a proceeding or a continuance in the court-martial granted at the request or with the consent of the defense." R.C.M. 707(c)(3).[2] Thus, the fact that trial counsel herein was unaware that the period for a

---

1. Unlike the Court of Military Review in *Burris*, which was limited to reviewing matters of law pursuant to an appeal under Article 62, UCMJ, this Court is free to disagree with the trial court's factual findings under an Article 66(c), UCMJ, 10 U.S.C. § 866(c), review even though such findings may find support in the record.

2. The military judge clearly misinterpreted the meaning of this language in holding that the defense proposal of a trial date was not defense delay under the Rule since you cannot have a "continuance request" when no trial date had yet been set (R. 51). Contrary to the military judge's rationale and appellant's brief in support thereof, there need not be a trial date set in order for there to be a request for or consent to a delay in a proceeding under R.C.M. 707(c)(3). *United States v. White*, 22 M.J. 631 (N.M.C.M.R. 1986), does not support the appellant's position in this regard.

speedy trial would run on a date earlier than the date proposed by the defense and agreed to by the prosecution, although deplorable, is irrelevant with respect to the determination of whether such period should be excluded from government accountability. The right to a speedy trial belongs to the accused and the Government is not required by law to force the accused to exercise that right against his or her will. *See United States v. White,* 22 M.J. 631 (N.M.C.M.R.1986).

Even disregarding the defense proposal of the trial date, I would find "defense delay" under R.C.M. 707 (c)(3) on at least one other ground, and thus no denial of speedy trial.

In my opinion, the conduct of the detailed defense counsel as well as the individual military counsel, as succinctly set forth in the majority opinion, constituted sharp practice of such a nature that the appellant should be estopped from claiming he lacked a speedy trial. *United States v. Burris, supra,* at 144. As this Court stated in *White, supra,* at 635, "The R.C.M. 707 speedy trial rule exists to help protect important constitutional rights, not give an accused a 'gimme' if he and his counsel are adept at playing games and manipulating the system in order to delay proceedings in an attempt to trigger the protections of the rule."

The detailed defense counsel testified on the speedy trial motion to dismiss that it was part of her duties as the Senior Trial Counsel of the NLSO, Memphis "to ensure that cases are processed and brought to trial in a timely fashion" and that she did not perform such duties with regard to the appellant because of a perceived conflict of interest (R. 22, 25). The conflict is questionable since both the Government and the defense should be equally interested in the appellant being tried in a timely fashion. Even assuming such conflict, however, the Senior Trial Counsel was obligated to advise her superiors of her perceived conflict and of her intentions not to perform her Government assigned responsibilities with respect to the accused. As a direct consequence of her inaction, the Government

lost one of the safeguards it had established to ensure the accused's speedy trial. Thus, even though the trial counsel was negligent, the detailed defense counsel's conduct substantially contributed to the Government's failure to bring this appellant to timely trial. Such conduct should not and need not be rewarded by dismissal of her client's case. Estoppel applies. *United States v. Burris, supra; see also, United States v. Cherok,* 19 M.J. 559 (N.M. C.M.R.1984). *Cf. United States v. Beer,* 6 U.S.C.M.A. 180, 19 C.M.R. 306 (1955) ("We do not propose to support a rule which would permit defending counsel to induce error and then seek to take advantage of it on appeal.")

Although less clear-cut, the conduct of the individual military counsel (IMC) is not beyond reproach. He requested and was granted leave to commence on 1630, 8 August, the 119th day of the speedy trial clock. The record does not reflect whether, in seeking and obtaining leave authorization from the executive officer of the NLSO on 5 August, the IMC disclosed that he was a defense counsel in a case in which the 120 day speedy trial period would run out on a day covered within the requested leave period. Presumably, however, such fact was not disclosed, it was a material fact bearing on whether leave authorization should be granted, and, if disclosed, leave would not have been granted. Accordingly, I believe the IMC either should not have requested leave to commence prior to 10 August or make a full disclosure so the command could render an informed judgment on his leave request. It would further appear from the record that the IMC and the detailed defense counsel utilized the fact of the IMC's approved leave in proposing and obtaining trial counsel's acquiescence in a trial date well after the running of the 120 days (R. 34). Particularly aggravating is the fact that when the Commanding Officer of the NLSO informed the detailed defense counsel on the 120th day that the case was to be tried that evening she responded that "we could not try the case because Captain [W, U.S.M.C.] was not available and he had been appointed IMC." (R. 20). In my opinion, absent

full disclosure, a defense counsel cannot obtain leave, assert the fact of being on leave as a rationale for not going to trial on a leave date, and then claim that the Government is accountable for not bringing the accused to trial by the date in question. Under such circumstances herein, the leave period of the IMC should be legally treated, either under the doctrine of estoppel or otherwise, as defense requested or consented to delay under R.C.M. 707(c)(3).

For one or all of the foregoing reasons I would hold that the motion to dismiss on the basis of lack of speedy trial was properly denied and this Court should, therefore, affirm the findings and sentence as approved on review below.