UNITED STATES

v.

Michael W. KOHL, 394 74 8191. Private (E–1), U.S. Marine Corps.

NMCM 87 3728.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 14 Aug. 1987.

Decided 11 July 1988.

Lt. Anthony D. Dokurno, JAGC, USNR, Appellate Defense Counsel.

Lt. Howard B. Goodman, JAGC, USNR, Appellate Government Counsel.

Before RILEY, Senior Judge, and CASSEL and RUBENS, JJ.

RILEY, Senior Judge:

After the appellant lost a motion to dismiss all charges due to the lack of a speedy trial, he entered a conditional plea of guilty pursuant to Rule 910(a)(2) of the Rules for Courts–Martial. The military judge found him guilty of several drug related offenses and imposed a sentence of a dishonorable discharge, confinement for two-and-one-half years, and forfeiture of all pay and allowances. The convening authority approved the sentence, but suspended the last six months of confinement in accordance with the terms of the pretrial agreement.

The speedy-trial motion was predicated on the fact that the appellant had been in continuous pretrial confinement for 93 days as of the date of trial. The facts also reveal that on the 69th day of confinement the trial counsel and the trial defense counsel mutually agreed on a trial date which would be the 92nd day of confinement. For some unknown reason the actual trial was held one day later. Additionally, the charges were not even referred to trial until the appellant had served 91 days of pretrial confinement. There is no evidence that the appellant requested a delay or continuance and certainly none was granted by the convening authority or the military judge.

Appellate defense counsel contends that the government must be held strictly accountable for all delay, citing *United States v. Carlisle*, 25 M.J. 426 (C.M.A.1988) as controlling. The government concurs. Reluctantly, we agree. The rationale for invoking the 120 day rule [1] in the *Carlisle* case is equally applicable to the present situation involving pretrial confinement in excess of 90 days. *See* Rule for Courts–Martial 707(d).

This case serves as a good example of the high price that, on occasion, the military justice system must pay in order to promote the orderly processing of those cases to follow, and the overall improvement of the military justice system. It should also serve as a vehicle to heighten trial and defense counsels' awareness of the sharp, diametrically opposed interests and duties owed to their respective clients, particularly in those situations where both counsel work in close proximity, enjoy professional camaraderie, and report to the same commanding officer.

The findings of guilty and the sentence are set aside. All charges and specifications are dismissed.

Judge RUBENS concurs.

CASSEL, Judge (concurring in the result):

Reluctantly, I concur in the result reached by my brothers, but only because of the concession of government counsel based upon what I believe to be a misreading of the Court of Military Appeals decision in *United States v. Carlisle*, 25 M.J. 426 (C.M.A.1988). In that case the Court affirmed this court's finding which had reversed the trial judge on the issue of exemptions under R.C.M. 707(c). The factual situation and the military judge's findings in this case are easily distinguishable from those in *Carlisle;* and I believe that, absent the government's unexplained concession, we could and should properly find compliance with R.C.M. 707(d) and affirm the ruling of the military judge and the conviction.

---

1. Rule for Courts–Martial 707(a).