UNITED STATES, Appellant,

v.

James E. LONGHOFER, Colonel, U.S. Army, Appellee.

No. 60,662.
CM 449197.

U.S. Court of Military Appeals.

Sept. 26, 1989.

For the Accused: *Captain William J. Kilgallin* (argued); *Thomas M. Buchanan, Esq., Edward B. MacMahon, Esq., Major Marion E. Winter* (on brief).

For the United States: *Captain Mark E. Frye* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Daniel J. Dell'Orto, Major Kathryn F. Forrester* (on brief).

## Opinion of the Court

COX, Judge:

The accused was convicted of several offenses arising out of alleged misconduct in the performance of his classified duties in special operations. At trial, he moved for dismissal of all charges and specifications on the ground that his right to a speedy trial was denied. RCM 707(e), Manual for Courts–Martial, United States, 1984, mandates this harsh and exclusive remedy for "[f]ailure to comply with this rule."

Charges were preferred against the accused on May 9, 1985, and he was notified of the charges on May 13, 1985. Under the provisions of RCM 707(a)(1), the Government was required to bring him to trial within 120 days after May 13, 1985. He was finally brought to trial within the meaning of the rule on April 1, 1986, when "[p]resentation to the factfinder of evidence on the merits be[gan]." RCM 707(b)(3)(B). The elapsed time from notification of the charges to presentation of evidence was 322 days.

As is typical with speedy-trial litigation in the military services, the military judge received evidence and made pertinent findings of fact, analyzing each of the 322 days to determine if there was a reason to exclude the day under the rules. After he excluded those days clearly authorized by the rule, for example, days consumed in pretrial motions (RCM 707(c)(1)(C)), he then determined that the Government must still account for 261 days. The military judge then "deduct[ed] a total of 142 days as the excluded time from the elapsed time of 261 days." These days were attributed to a defense-requested delay (RCM 707(c)(3)) or delay which could be excluded "for good cause" (RCM 707(c)(9)).[1]

After this reckoning, the military judge denied the motion to dismiss. The accused was tried and convicted on the charges and appealed his conviction to the Court of Military Review.[2] Although the accused raised numerous allegations of error on appeal, the Court of Military Review focused only on the question of whether he was entitled to dismissal of the charges and specifications for failure to follow the speedy-trial rule (RCM 707).

The Court of Military Review, finding that the military judge had erred in his allocation of days in a number of particulars and that the rule had been violated, reversed the conviction and ordered the charges and specifications dismissed in an unpublished opinion dated June 30, 1988.

The Judge Advocate General of the Army sent the case to this Court under the authority of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867(b)(2), certifying four questions for our consideration:

1. At the time of trial (April 1986), the "good-cause" provision was designated as (c)(8). Executive Order No. 12,586, 50 Fed.Reg. 7103, 7105, 7112 (1987), redesignated (c)(8) as (c)(9) without any change in wording, effective March 12, 1987. This opinion will refer to the "good cause" provision by its current designation (c)(9).

2. Colonel Longhofer was tried by general court-martial with members. He was convicted of disobeying an order, dereliction of duty (two specifications), and conduct unbecoming an officer (four specifications), in violation of Articles 90, 92, and 133, Uniform Code of Military Justice, 10 USC §§ 890, 892, and 933, respectively. He was sentenced to confinement for 2 years, forfeiture of $1,000.00 pay per month for 2 years, and a reprimand. The convening authority approved the sentence except for the reprimand, and he suspended part of the confinement and forfeitures. An earlier opinion of the Court of Military Review in this case ordered deferment of the accused's service of confinement pending completion of appellate review. *Longhofer v. Hilbert*, 23 MJ 755 (ACMR 1986), *writ appeal petition denied*, 24 MJ 62 (CMA 1987).

I

WHETHER THE ARMY COURT ERRED IN HOLDING THAT THE MILITARY JUDGE ABUSED HIS DISCRETION IN EXCLUDING 142 DAYS OF GOVERNMENT ACCOUNTABLE TIME UNDER RCM 707.

II

WHETHER THE ARMY COURT ERRED IN HOLDING THAT A NEXUS REQUIREMENT EXISTS FOR RCM 707(c) EXCLUSIONS.

III

WHETHER THE ARMY COURT ERRED IN APPLYING AN ABUSE OF DISCRETION STANDARD OF REVIEW TO THE MILITARY JUDGE'S FAILURE TO *SUA SPONTE* EXCLUDE 16 DAYS FROM GOVERNMENT ACCOUNTABILITY.

IV

WHETHER THE ARMY COURT ERRED IN NOT APPLYING A *PER SE* EXCLUSION TO THAT PERIOD OF DELAY REQUIRED TO SECURE NECESSARY CLEARANCE FOR CIVILIAN DEFENSE COUNSEL (13 MAY—9 SEPTEMBER 1985) UNDER RCM 707(c)(9).

Article 67(d), UCMJ, 10 USC § 867(d), provides that "[t]he Court of Military Appeals shall take action only with respect to matters of law." The Court of Military Review, however, reviewed the case under the provisions of Article 66(c), UCMJ, 10 USC § 866(c), which mandates that "[i]t may affirm only such findings of guilty and the sentence or such part or amount of the sentence, *as it finds correct in law and fact and determines,* on the basis of the entire record, *should be approved.*" (Emphasis added.) Thus, we can grant relief to the Government only if we determine that the Court of Military Review

erred as a matter of law or if the findings of fact are "unsupported by the evidence of record or ... [were] clearly erroneous." *United States v. Burris,* 21 MJ 140, 144 (CMA 1985), quoting *United States v. Middleton,* 10 MJ 123, 133 (CMA 1981).

■ Queries pertinent to allocating blame for delays are generally ones of fact. The question is not whether we might disagree with these findings of fact, but whether the court below correctly applied the law to these facts. In this unique situation, we review the Court of Military Review's decision just as though it had been made by the military judge. Therefore, unless the Court of Military Review's ruling is wrong as a matter of law or unless it is clearly unsupported by the facts or inferences to be drawn therefrom, the ruling shall stand. Additionally, if the Court of Military Review is correct as to any two of the days that they charged to the Government, we must affirm.

The test for relieving the Government of responsibility for time is found in RCM 707.[3] This rule creates a time line, a continuum. As we said in *United States v. Carlisle,* 25 MJ 426, 428 (CMA 1988):

ON DAY NUMBER 1, EVERYONE ASSOCIATED WITH A CASE SHOULD KNOW WHAT DAY WILL BE NUMBER 120.

Thus, as we move along the time line from date of notification of charges to trial, the alpha and omega of speedy-trial litigation, we are looking at those events which qualify to exclude government responsibility, thus allowing trial beyond the 120–day limit imposed by the Commander–in–Chief.

As the Government has asserted on appeal, "This case involves highly classified information. All trial participants were required to receive a compartmentalized security clearance, and every step of this case has been complicated by the need to safeguard classified information."[4] The Government urges us to adopt a rule in

3. *See* Appendix I.

4. Because this case is resolved on the basis of a lack of speedy trial under the Rules for Courts–

Martial, this Court has had no occasion to consider classified information concerning the case, if any exists. The Government has not alleged that any delays in the pretrial proceedings re-

classified cases that the clock does not start until all participants have security clearances. We will thus focus on the rulings of the court below concerning the periods of delay resulting from the need to obtain clearances for the Article 32, UCMJ, 10 USC § 832, investigating officer and the defense counsel.[5]

RCM 707(c) catalogs a number of unusual or extraordinary events which are excluded from government accountability. The Commander–in–Chief has so determined. Normal, reoccurring events which happen in almost every trial are not excluded. Some examples of times not excluded are the Article 32 investigation, time to interview witnesses, time consumed in preparing the pretrial advice, and the like. Such events, normally associated with every trial, were "counted in" when contemplating how long was long enough. Some-

times, however, it is difficult to distinguish those "normal" events from the "unusual" ones. *Compare United States v. Higgins,* 27 MJ 150 (CMA 1988), *cert. denied,* ——— U.S. ———, 109 S.Ct. 1128, 103 L.Ed.2d 190 (1989), which held that forwarding an officer's request for discharge in lieu of trial to a higher command was an unusual event and the Government was not accountable for the delay, *with United States v. O'Brien,* 22 USCMA 557, 48 CMR 42 (1973), which held that an accused's request for administrative discharge was not a cause for delay and the Government was held accountable. *See also United States v. Carlisle, supra,* which held that a request for administrative discharge was not grounds for defense delay absent a request for delay.

One category of exclusions in RCM 707(c) especially pertains to this case.

---

sulted from problems with the information; rather the delays have been attributed to problems encountered getting the accused's civilian defense counsel the requisite security clearances to participate in the trial.

**5.** On appeal to the Court of Military Review, the accused contended that the military judge improperly excluded the following six periods of time from government accountability:

> Six periods of exclusion are challenged by appellant, to wit: (1) 27 May through 12 June 1985—seventeen days to grant a special security clearance to the investigating officer appointed pursuant to Article 32, Uniform Code of Military Justice; (2) 5 August through 9 September 1985—36 days to grant a special security clearance to appellant's civilian counsel; (3) 10 through 16 September 1985—seven days defense-requested delay in commencing the Article 32 investigation; (4) 24 September through 7 October 1985—fourteen days defense delay in the Article 32 investigation because the detailed defense counsel and defense-requested witnesses were unavailable; (5) 11 through 17 October 1985—seven days defense delay to obtain defense-requested witnesses for the Article 32 investigation; and (6) 19 October through 18 December 1985—sixty-one days defense delay in the Article 32 investigation to obtain defense witnesses and the presence of civilian defense counsel for closing argument.

Unpub. op. at 2. The Court of Military Review disposed of the six periods in the following manner:

> (1) May 27—June 12: "properly excluded by the military judge under the 'good cause' provision of RCM 707(c)(9)." Unpub. op. at 2–3.

Investigating officer could not proceed without clearance.

> (2) August 5 to September 9: *"impermissibly excluded* under the 'good cause' provision as there was no nexus between the 'event,' that is, the requirement to obtain a clearance for the civilian counsel, and the delay in the proceedings." Unpub. op. at 3.
>
> (3) September 10 to 16: "The judge's exclusion ... was, in part, erroneous." One day was properly excluded and 6 days were erroneously excluded because " 'the Government need[ed] this week ... to procure witnesses ... from out of the country.' " Unpub. op. at 6.
>
> (4) September 24 through October 7: "exclusion of ... delay ... was, in part, erroneous." Unpub. op. at 6–7. Two essential government witnesses were not available. Four of the fourteen days were government delay.
>
> (5) October 11 through 17: "The judge's exclusion ... was erroneous." Unpub. op. at 7. The time the witness was unavailable was government delay because no record was established to explain why the witness was unexpectedly sent on temporary duty rather than appear at the scheduled time for the Article 32 hearing.
>
> (6) October 19 through December 18: "defense delay [of 59 days] to obtain ... witnesses and ... presence of civilian counsel" for final arguments to the Article 32 investigating officer "was, for the most part, correct.... [H]owever, ... two days ... on which the Government presented witnesses and other evidence" were "chargable" against "the Government." Unpub. op. at 8.

RCM 707(c)(9) provides for exclusion of "[a]ny other period of delay for good cause, including unusual operational requirements and military exigencies." Senior Judge Mitchell, writing for the United States Navy–Marine Corps Court of Military Review, summed up this exception as follows:

> Good cause and government diligence underl[ie] all of the exclusions and are the guiding principles. We think the exclusions are designed to deal flexibly with those events which are not normally incident to a constant movement of the government to trial. Logically, this is why all conceivable interrupting events are not covered by a specific exclusion and also why [707] subsection (c)(8) [6] of the Rule is flexible—that is, specific events qualify by their occurrence under the stated condition, while others qualify only if good cause, unusual operational requirements or military exigence. is shown.

*United States v. Lilly*, 22 MJ 620, 624 (NMCMR 1986) (footnote omitted).

Judge Kennett, speaking for the United States Army Court of Military Review, described the "good cause" provision as follows:

> RCM 707(c)(8) [7] is taken from section 12–2.3 of the ABA Standards, Speedy Trial (1978), which indicates the good cause standard was developed to accommodate the discretionary power trial judges have to deal with unique situations in determining whether they affect the calculation of the time for trial.

*United States v. Durr*, 21 MJ 576, 578 (ACMR 1985).

■ Nevertheless, it cannot be said that the mere happening of any of the events listed in RCM 707(c)(1)–(8) results in an *automatic* exclusion, because all of them contemplate that the length of time excluded will be *reasonable*. Thus, the time is excludable without regard to whether the event proximately *caused* a delay in

the trial itself, but subject to a factual finding of *reasonableness*. *United States v. Novak*, 715 F.2d 810, 812–13 (3d Cir. 1983), *cert. denied*, 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984); *United States v. Saintil*, 705 F.2d 415 (11th Cir.), *cert. denied*, 464 U.S. 855, 104 S.Ct. 171, 78 L.Ed.2d 155 (1983).[8] On the other hand, an exclusion of time for delay contemplated by RCM 707(c)(9), which is founded upon "good cause," does imply a causal connection between an unusual event and government delay.

We do not embrace the language of the "nexus" test articulated below by the Court of Military Review (unpub. op. at 3), to the extent that the opinion might be construed as requiring a "nexus" for a listed event to exclude time under RCM 707(c)(1)–(8). For these exclusions no "nexus" need be shown. Rather, we focus on the reasonableness of the duration of the event. *United States v. Jones*, 21 MJ 819, 821 (NMCMR 1985) (RCM 707(c) did not create a "but for" test); *United States v. Demmer*, 24 MJ 731, 735 (ACMR 1987) (adopting a reasonableness test rather than a strict proximate-cause test).

On the other hand, for time to be excluded for "good cause" under RCM 707(c)(9), there must be a causal connection between the event and the delay sought to be excluded, or a "nexus."

To articulate simple rules for bench and bar alike to reckon accountability for delay under RCM 707(c), we adopt the following:

■ (1) If the delay fits into one of the enumerated exclusions listed in RCM 707(c)(1)–(8), the Government shall be relieved from accountability, subject to a "reasonableness limitation." These exclusions lengthen the time in which the Government must bring the case to trial, subject to reasonableness. *United States v. Novak*, *supra* at 814; *United States v. Turk*, 24 MJ 277 (CMA 1987); *United*

---

6. *See* n. 1, *supra.*

7. *See* n. 1, *supra.*

8. Examples of cases where, under the rules, time has been contested are set out in Appendix II.

*States v. Demmer* and *United States v. Lilly*, both *supra*.

■ (2) If the delay is occasioned by a specific request from an accused, in writing or on the record, and such a delay is granted by either the convening authority, the Article 32 investigating officer, or a military judge, the Government shall be relieved of accountability. RCM 707(c)(3).

■ (3) If the delay is occasioned by a specific request for a delay "for good cause" made in writing or on the record by the Government and the delay is granted by either the convening authority, the Article 32 investigating officer, or the military judge, such delay shall be excluded; provided, however, the grant for delay made by the convening authority or Article 32 investigating officer is subject to *de novo* review by a military judge upon motion of the defense. *United States v. Carlisle*, 25 MJ at 428. These exclusions are subject to review both for abuse of discretion and reasonableness. *United States v. Maresca*, 28 MJ 328 (CMA 1989); *United States*

*v. Carlisle, supra*. The primary purpose for written requests for delay or for motions on the record of the Article 32 investigation or Article 39(a), UCMJ, 10 USC § 839(a), court sessions is to memorialize and litigate questions of delay contemporaneous with the event and to avoid the salvage operation required of military judges and appellate courts faced with trying to allocate periods of delay long after the event occurred.[9]

■ (4) If "good cause, including unusual operational requirements and military exigencies" exists, even though not previously litigated or no delay was granted, the Government shall be relieved of accountability, subject to the test of reasonableness. RCM 707(c)(9). The military judge has to find that the unusual event being relied upon actually caused a delay in the Government's preparation of its case and that it was reasonable for the delay to result. Once the causal connection between the event and the delay is established, the time may be subtracted from

---

9. In *United States v. Lilly*, 22 MJ 620 (NMCMR 1986), Senior Judge Mitchell discussed the importance of recognizing the differences between the civilian and military environments in dealing with speedy-trial problems. He observed that

> it is wise to bear in mind that in the Naval Service and, perhaps, the services in general, the movement of cases to trial is not controlled in the same way that civilian cases are controlled. Generally, criminal cases in the civilian courts are processed through and filed in the office of a district attorney. The docket is controlled by a permanently sitting judiciary. If an accused absents himself from the trial, the case remains under the control of the district attorney and the permanent judiciary, unless a dismissal is obtained by the district attorney. When the appellant comes back into the system, by arrest or otherwise, the district attorney's office and the judiciary are the entities with which an accused comes into contact at an early stage. This is not the case in the Naval Service. Legal services, including prosecution and defense functions, are provided by a staff judge advocate office or a centralized legal service support unit. The authority to prosecute and the duty to account for the military population are vested in commanding officers. *The military judiciary sits only after referral, unless otherwise designated by regulation* ....

We also perceive that the military justice system, in some ways, operates more infor-

mally than the civilian system. For example, a convening authority has the powers of withdrawal and dismissal of charges. There is no requirement that this action be formally done or memorialized in writing. The judiciary need not necessarily be involved in the action. So too, the manner in which trial dates are set and many notices given. Informality, while admirable in terms of RCM 102, usually leaves a record void regarding the who, what, where, when and why of the action. Civilian procedures, more intimately tied to the judiciary, generally maintain a more formal record of such things. Thus, practitioners, legal administrators and judges must analyze civilian rooted military law principles not only in the light of the realities of obvious operational commitments unknown in the civilian sector, but also from the standpoint of whether the adopted rule requires any changes in the way the armed forces conducts its legal business. Likewise, differences in policy, applicable in civilian and military societies, both bearing upon and related to, the application of a given rule are important considerations. *It may well be that in adopting RCM 707 in such a close parallel with its civilian root, the judiciary may have to be involved to a greater degree in the heretofore more informal practices. More formal legal administrative procedure than was heretofore the case may have to be followed, if the literal wording of the Rule is to be followed. Indeed the wording of many of the exclusions seems*

the 120–day time limit. The Government need not establish, however, that this delay "proximately caused" the trial not to take place within the total time period. How can one ever say that some unforeseen delay which may take place in the early days following notification was indeed the straw that broke the camel's back? [10]

■ Returning to the instant case, it is beyond cavil that obtaining a security clearance for a civilian lawyer in a highly classified case or any security case is an extraordinary event which consumes valuable time. To balance the interest in permitting a servicemember accused of a serious crime to have the lawyer of his choice as well as to have a speedy trial, we favor permitting the accused his right to counsel of choice. Therefore, we agree with the Court of Military Review that a "reasonable" period of time to obtain security clearances for the necessary participants may be excluded under RCM 707(c)(9). Unpub. op. at 3–6. Such exclusions are precisely what the rule is designed to cover. Indeed, if the Government were accountable for this period of time, it would be subject to "gray mail" merely by the clearance process and the time consumed therein.

■ Because this is an unusual event not ordinarily encountered, we would not require a special finding that the trial was delayed because of the process. We would

permit the Government to exclude the time it takes, to the extent the time is reasonable. The issue is not whether time may be excluded but how much time may be excluded. *United States v. Demmer, supra.*

■ We reject the Government's contention that the entire period of time from notification of charges on May 13 to granting of the civilian defense counsel's clearance can be excluded "as a matter of law." Art. 67(d). Rather, it is a mixed question of law and fact. The Court of Military Review has resolved the factual issues both for and against the Government, concluding, first, that the time to obtain the Article 32 investigating officer's clearance was reasonable and could be excluded, and second, that the 36 days it took to obtain civilian defense counsel's clearance was partly "unreasonable" and could not all be excluded. We hold that the correct standard of law was applied to the facts of the case.

The Court of Military Review excluded as being reasonable only 21 days of the time it took to obtain the lawyer's clearance. We have no reason to second-guess the court concerning this time. As we read the opinion below, the Court of Military Review, knowledgeable in the practices of Department of the Army security clearances, found "that exclusion is inapplicable when the Government has not been reasonably diligent in pursuing pretrial matters (here, obtaining the clearance necessary for

*to contemplate a ruling by the military judge or pretrial investigating officer granting delay.* 22 MJ at 622–23 (emphasis added).
Since the President has chosen to follow closely the civilian model in dealing with speedy-trial issues and has provided the sanction of *mandatory* dismissal of charges for any infraction of the speedy-trial rules, it seems essential that the armed services should examine their administrative practices and regulations to determine whether some changes are desirable. For example, should regulations be amended to give military judges authority to deal with speedy-trial issues even before referral? At the 1988 Homer Ferguson Conference, Judge Wayne Alley, a distinguished Federal District Judge, proposed that courts-martial should have

some permanence. Apparently, this was not a new idea but rather one that Judge Alley had considered for many years, at least since his service as a military judge. In short, there may be some changes in the way we administer justice that can easily accommodate the speedy-trial rules.

10. "A little neglect may breed mischief: for want of a nail the shoe was lost; for want of a shoe the horse was lost; and for want of a horse the rider was lost." B. Evans, *Dictionary of Quotations* 475 (1968), quoting Benjamin Franklin, *Poor Richard's Almanack* (1757) (note: the verse after "mischief" is also attributed to George Herbert, *Jacula Prudentum* (1651)).

participation by ... [the accused's] civilian attorney in the Article 32 investigation)." [11]

■ Lastly, the Government claims additional days should have been excluded by the military judge—5 days for service under Article 35, UCMJ, 10 USC § 835, and 11 days for the Article 32 investigating officer to prepare his report. Although the 5 days for service can, under some circumstances, be excluded, *United States v. Cherok*, 22 MJ 438 (CMA 1986), it is not a "per se" exclusion. We need not decide whether it should be excluded here. However, refusal to exclude the 11–day period is within the discretion of the court below.

Our resolution of these periods of delay puts the Government over 120 days, so we need not reach the other errors claimed. There are facts in the record which support the determination of the Court of Military Review that the Government did not bring the accused to trial within 120 days as required by law, and the court below correctly applied what is now RCM 707(c)(9) to the facts of this case. Thus, questions I, III, and IV certified by the Judge Advocate General of the Army are answered in favor of the accused, and we uphold the decision below. Question II is answered in the affirmative.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

## APPENDIX I

The present version of RCM 707, Manual for Courts–Martial, United States, 1984, effective March 12, 1987 (*see* n. 1, *supra*) states:

(a) *In general.* The accused shall be brought to trial within 120 days after the earlier of:

(1) Notice to the accused of preferral of charges under R.C.M. 308; or

(2) The imposition of restraint under R.C.M. 304(a)(2)–(4); or

(3) Entry on active duty under R.C.M. 204.

\* \* \* \* \* \*

(b) *Accountability.*

(1) *In general.* The date on which the accused is notified of the preferral of charges or the date on which pretrial restraint is imposed shall not count for purpose of computing the time under subsection (a) of this rule. The date on which the accused is brought to trial shall count.

(2) *Inception.* If charges are dismissed, if a mistrial is granted, or—when no charges are pending—if the accused is released from pretrial restraint for a significant period, the time under this rule shall run only from the date on which charges or restraint are reinstituted.

(3) *Termination.* An accused is brought to trial within the meaning of this rule when:

(A) A plea of guilty is entered to an offense; or

(B) Presentation to the factfinder of evidence on the merits begins.

(4) *Multiple charges.* When charges are preferred at different times, the inception for each shall be determined from the date on which the accused was notified of preferral or on which restraint was imposed on the basis of that offense.

(c) *Exclusions.* The following periods shall be excluded when determining whether the period in subsection (a) of this rule has run—

11. The decision below discusses what transpired in some detail. Suffice it to note there was some confusion early on as to whether the accused's civilian attorney had the requisite clearances. Indeed, he had been cleared and had participated in the case when it was pending with the Department of Justice. However, he had not been cleared by the Department of Defense. The Court of Military Review allowed 3 weeks as a reasonable time to make this transition. We can find no abuse of discretion in this finding of fact.

(1) Any periods of delay resulting from other proceedings in the case, including:

(A) Any examination into the mental capacity or responsibility of the accused;

(B) Any hearing on the capacity of the accused to stand trial and any time during which the accused lacks capacity to stand trial;

(C) Any session on pretrial motions;

(D) Any appeal filed under R.C.M. 908 unless it is determined that the appeal was filed solely for the purpose of delay with the knowledge that it was totally frivolous and without merit; and

(E) Any petition for extraordinary relief by either party.

(2) Any period of delay resulting from unavailability of a military judge when the unavailability results from extraordinary circumstances.

(3) Any period of delay resulting from a delay in a proceeding or a continuance in the court-martial granted at the request or with the consent of the defense.

(4) Any period of delay resulting from a failure of the defense to provide notice, make a request, or submit any matter in a timely manner as otherwise required by this Manual.

(5) Any period of delay resulting from a delay in the Article 32 hearing or a continuance in the court-martial at the request of the prosecution if:

(A) The delay or continuance is granted because of unavailability of substantial evidence relevant and necessary to the prosecution's case when the Government has exercised due diligence to obtain such evidence and there exists at the time of the delay grounds to believe that such evidence would be available within a reasonable time; or

(B) The continuance is granted to allow the trial counsel additional time to prepare the prosecution's case and additional time is justified because of the exceptional circumstances of the case.

(6) Any period of delay resulting from the absence or unavailability of the accused.

(7) Any reasonable period of delay when the accused is joined for trial with a coaccused as to whom the time for trial has not yet run and there is good cause for not granting a severance.

(8) Any period of delay, not exceeding 60 days, occasioned in processing and implementing a request pursuant to R.C.M. 204 to order a member of a reserve component to active duty for disciplinary action.

\*        \*        \*        \*        \*        \*

(9) Any other period of delay for good cause, including unusual operational requirements and military exigencies. [*See* n. 1, *supra.*]

(d) *Arrest or confinement.* When the accused is in pretrial arrest or confinement under R.C.M. 304 or 305, immediate steps shall be taken to bring the accused to trial. No accused shall be held in pretrial arrest or confinement in excess of 90 days for the same or related charges. Except for any periods under subsection (c)(7) of this rule, the periods described in subsection (c) of this rule shall be excluded for the purpose of computing when 90 days has run. The military judge may, upon a showing of extraordinary circumstances, extend the period by 10 days.

\*        \*        \*        \*        \*        \*

(e) *Remedy.* Failure to comply with this rule shall result in dismissal of the affected charges upon timely motion by the accused.

APPENDIX II

DAYS EXCLUDED

a. *United States v. True*, 28 MJ 1 (CMA 1989).

Time taken for extraordinary writ is excluded: RCM 707(c)(1)(E). *See also United States v. Ramsey*, 28 MJ 370 (CMA 1989).

b. *United States v. Higgins*, 27 MJ 150 (CMA 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1128, 103 L.Ed.2d 190 (1989).

Time spent in processing request for resignation in lieu of trial was excluded where record did not indicate government foot-dragging on request or in processing case for trial: RCM 707(c)(9) (*see* n. 1, *supra*). *Cf. United States v. O'Brien*, 22 USCMA 557, 48 CMR 42 (1973).

c. *United States v. Facey*, 26 MJ 421 (CMA 1988).

Time taken to try coaccused who was material witness was excluded: RCM 707(c)(9).

d. *United States v. Turk*, 24 MJ 277 (CMA 1987).

Time spent in returning AWOL sailor to ship on operations in Middle East area was excluded: RCM 707(c)(6).

DAYS NOT EXCLUDED

i. *United States v. Cook*, 27 MJ 212 (CMA 1988).

Delay in bringing government witnesses for second Article 32, UCMJ, 10 USC § 832, investigation of case was not excluded: RCM 707(c)(3).

ii. *United States v. Carlisle*, 25 MJ 426 (CMA 1988).

Time used for pretrial negotiations on plea bargain was not excludable: RCM 707(c)(3). To the same effect is *United States v. Harris* 20 MJ 795 (NMCMR 1985), where the trial date requested by defense counsel was beyond 120 days, the Government agreed to the date, and there was no indication that the defense intended the delay to be excluded, days in excess of 120 would not be excluded: RCM 707(c)(3) and (9). *See also United States v. Burris*, 21 MJ 140, 144 (CMA 1985), delay implicitly requested by defense as to Article 32 would be excluded: RCM 707(c)(3).

iii. *United States v. Burris*, 21 MJ 140 (CMA 1985).

Where defense counsel requested trial date beyond 120 days and did not expressly or impliedly consent to delay beyond 120 days, and subsequent docket conference moved trial even further beyond 120 days, excess would not be excluded from Government's accountability (theory—Government is responsible for presence of witnesses at trial, nothing extraordinary about case): RCM 707(c)(3).

SULLIVAN, Judge (dissenting):

I respectfully dissent. I would hold that the military judge did not abuse his discretion in holding "[t]he period 5 August to 9 September required to clear Mr. Sinclair for the proper receipt of classified information...as good cause time." The Article 32, Uniform Code of Military Justice, 10 USC § 832, investigation was scheduled for 5 August but had to be postponed until the proper clearances were given to Mr. Sinclair. This is a proper deduction of time for the Government. If a defendant in a highly classified trial wants to delay the Article 32 investigation due to lack of clearance for his counsel, a reasonable time should be excluded for RCM 707, Manual for Courts–Martial, United States, 1984, purposes.