**UNITED STATES**

v.

**Timothy M. DIES, 564–47–0473, Operations Specialist Second Class (E–5), U.S. Navy.**

**NMCM 94 01117.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 20 Jan. 1994.

Decided 1 Aug. 1995.

848

LT Leslie K. Burnett, JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before ORR, Senior Judge, KEATING, J., and McLAUGHLIN, Senior Judge.

KEATING, Judge:

The appellant pled guilty and was convicted of a single specification of wrongful distribution of LSD in violation of Article 112a, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 912a (1994). He was sentenced to confinement for 18 months, forfeiture of $500.00 pay per month for 18 months, reduction to pay grade E–1, and a bad-conduct discharge. The single issue at trial and, due to the conditional nature of the appellant's plea, before this Court is whether the appellant was denied a speedy trial under Rule for Courts–Martial [R.C.M.] 707. We hold that an after-the-fact determination by the military judge to exclude a 23–day period of unauthorized absence and a 8–day period for preferral of an additional charge was improper because neither was approved prior to trial by a military judge or the convening authority. The appellant was therefore denied a speedy trial, and the charges must be dismissed.

### I. Background

The issue presented by this case is whether two events occurring after preferral of charges, but for which a delay was not approved by a military judge or convening authority prior to trial, may nonetheless be excluded by the military judge upon a timely motion by the accused for speedy-trial relief under R.C.M. 707. The appellant was brought to trial on the 146th day after preferral. Thirteen days were properly excluded due to a defense request for a continuance that the parties agree reduces the Government's period of accountability by that amount. Of the 133 days remaining, the military judge excluded three periods totaling 38 days resulting in a net elapsed time of 95 days. The appellant argues that none of that time was excludable and asks that the charge and its specification be dismissed with prejudice.

### II. The Rule

Rule for Courts–Martial 707 requires that an accused be brought to trial within 120 days of the preferral of charges.[1] Certain events restart the period, but pretrial delays are no longer specifically addressed. Instead, the rule simply states that stays issued by appellate courts and "all other pretrial delays approved by a military judge or the convening authority shall be excluded" when determining whether the period has run. R.C.M. 707(c). The rule specifies to whom requests for pretrial delay will be made, but not how or when they should be made or where or how the resolution should be recorded. R.C.M. 707(c)(1). Failure to comply with the right to a speedy trial "will result in the dismissal of the affected charges." R.C.M. 707(d). Dismissal may be with or without prejudice. *Id.; United States v. Edmond,* 41 M.J. 419 (1995).

The purpose of the rule is to provide guidance for granting pretrial delay and to eliminate after-the-fact determinations as to whether certain periods of delay are excludable. R.C.M. 707 *analysis,* Manual for Courts–Martial, United States, 1984 [MCM], app. 21, A21–40. The subsection concerning excludable delays follows the principle that the Government is accountable for all time prior to trial unless a competent authority grants a delay. *Id.* (citing *United States v. Longhofer,* 29 M.J. 22 (C.M.A.1989)). Military judges and convening authorities are required to make an independent determination as to whether there is in fact good cause for a pretrial delay and to grant such delay for only as long as is necessary under the circumstances. *Id.*

The Court of Military Appeals (now the U.S. Court of Appeals for the Armed Forces) discussed in *Longhofer* the discretionary part of the previous version of R.C.M. 707. We find the following language pertinent as to how that Court might view the discretionary process for determining excludable delays under the current version of the same rule:

> The primary purpose for written requests for delay or for motions on the record of the Article 32 Investigation or Article

---

**1.** The imposition of restraint under R.C.M. 304 and entry on active duty under R.C.M. 204 also start the 120–day period. If more than one such event occurs, the earlier determines the starting date.

39(a), UCMJ, 10 USC § 839(a), court sessions is to memorialize and litigate questions of delay contemporaneous with the event and to avoid the salvage operation required of military judges and appellate courts faced with trying to allocate periods of delay long after the event occurred. 29 M.J. at 28 (footnote omitted). The Government has the burden of establishing its entitlement to any deductions from the period for which it would otherwise be accountable. Thus any deficiency of evidence must be laid at its door. *United States v. Facey,* 26 M.J. 421, 425 (C.M.A.1988).

We conclude, therefore, that for the Government to bear its burden under R.C.M. 707 successfully there should ordinarily be a written request for delay or a motion on the record and that such a request should be made contemporaneously with the event upon which the request for a delay is based. *See United States v. Carlisle,* 25 M.J. 426 (C.M.A.1988). Additionally, in ordinary circumstances, the accused must be informed at the time of the purported reason and given some opportunity to oppose the request for delay. *United States v. Duncan,* 38 M.J. 476, 480 (C.M.A.1993). Failure to request a delay in such a manner and at such a time precludes the military judge from making an after-the-fact determination to exclude the time at the trial.[2] *See United States v. Youngberg,* 38 M.J. 635 (A.C.M.R.1993).

### III. The Unauthorized Absence

The military judge excluded a 23–day period of unauthorized absence on the authority of *United States v. Powell,* 38 M.J. 153 (C.M.A.1993). He interpreted the decision as authorizing after-the-fact exclusion of periods of unauthorized absence under R.C.M. 707. The appellant argues, as he did at trial, that the literal language of *Powell* requires exclusion under R.C.M. 707 only when the accused is "outside the reach of the Government" and "it is physically impossible for the Government to bring him to trial." *Powell,* 38 M.J. at 155. Thus, the appellant argues, a factual determination must be

made as to whether those conditions apply before a period may be excluded after-the-fact. The Government counters, citing the same language from *Powell,* to the affect that the military judge correctly excluded the period of unauthorized absence after-the-fact.

We read the decision in *Powell* to apply only to cases where charges were preferred under the previous version of R.C.M. 707 but the accused was arraigned under the current rule. The *Powell* court fashioned a rule of reason to avoid reaching an absurd result in such cases by holding that the speedy-trial clock did not begin when the accused was notified of referral of the charges or upon referral, itself, but began when the accused returned to Government control.

> Therefore, we hold that, where an accused has placed himself outside the reach of the Government during all relevant times under RCM 707 so that, by his own misconduct, it is physically impossible for the Government to bring him to trial, the speedy-trial clock of RCM 707(a)—which is fully wound and ready to run as a result of the relevant triggering event—does not begin to tick until the date on which the accused returns to government control.

*Id.* at 155.

We think it is clear that the Court was addressing the transitional question, as stated elsewhere in the opinion, of "*how* this new trigger is to apply to a case, like Powell's, that straddles the fence of the change in the rule . . . ." *Id.* at 154 (emphasis in original). Other courts, including this one, have reached the same result. *United States v. Patterson,* 39 M.J. 678 (N.M.C.M.R.1993); *United States v. Youngberg,* 38 M.J. 635 (A.C.M.R.1993). Like Powell, Patterson was an unauthorized absentee when charges were preferred. Youngberg was in the hands of a foreign sovereign. Both were arraigned after the current rule became effective.

No case has been cited for the proposition that once the clock begins to run certain periods of time are automatically excluded from the Government's period of accountabil-

---

**2.** There may be extraordinary circumstances, such as unforeseeable military exigencies, for which an after-the-fact determination may be

sufficient as a matter of military necessity. No such circumstances were present in this case, however, and we do not decide that question.

ity. To so hold would be to authorize a military judge to make an after-the-fact determination and would be directly contrary to the intent and purpose of the current version of R.C.M. 707. In this case, no request to exclude the period of unauthorized absence was made and approved prior to the trial. Therefore, we hold that the military judge erred in making an after-the-fact determination to exclude the period.

## IV. Preferral of Additional Charge

The military judge similarly excluded a period of 8 days based on a letter from the appellant's commanding officer forwarding the additional charge to the general court-martial authority. The military judge found by this letter that, "the convening authority approved a delay from 13 December 1993 to 21 December 1993 in accordance with R.C.M. 707." Appellate Ex. XXIII. There are, however, two difficulties with this conclusion. The accused's commanding officer was not the convening authority in this case, and the letter does not approve any period of delay.

Since this case was tried by general court-martial, the convening authority was the officer to whom the Article 32 Investigation had earlier been forwarded. Once a special court-martial convening authority forwards the charge to a general court-martial convening authority, the former is effectively divested of control of the case and decisions concerning pretrial delays are logically the responsibility of the latter. Rule 707 is ambiguous on this point, however, and we need not decide which officer was the convening authority because of the second difficulty.

The letter the military judge relied on does not on its face approve any period of pretrial delay. There is, additionally, no written request or motion on the record asking for a delay made contemporaneously with the forwarding of the additional charge, and there was neither notice to the accused of the request nor the opportunity to oppose it if the accused had so desired. We are not inclined to find an approved request for delay under R.C.M. 707 in such ambiguous circumstances.

## V. Conclusion

Having determined that these two periods of delay were not properly excludable from the Government's period of accountability, we conclude, as does the appellant, that the 120th day was reached on December 24th. Trial was set on 30 December for 19 January. Even if the defense is charged with the entire delay after 30 December, the Government exceeded the time allowed by 6 days. Therefore, the Government failed to provide the appellant the speedy trial he is guaranteed by R.C.M. 707. The prescribed remedy is dismissal of the charges. We need only determine whether the charges should be dismissed with or without prejudice to the Government's right to reinstate court-martial proceedings at a later date. R.C.M. 707(d).

We have considered the criteria set forth in the rule and the decision of our judicial superiors in *Edmond*. Distribution of LSD is a most serious offense, especially when done by a member of the crew of an aircraft carrier. As to the facts and circumstances that led to dismissal, we find no "intentional dilatory conduct" on the part of the Government. *Edmond*, 41 M.J. at 422. Neither do we find any adverse impact on the administration of justice if the case is reprosecuted or any prejudice to the accused resulting from the denial of a speedy-trial.

Finally, we note that the military judge in his essential findings specifically found the accused had not suffered any actual prejudice that would give rise to a due process claim and that the facts likewise did not raise an issue under either the Sixth Amendment or Article 10, UCMJ. We agree. *See United States v. Bolado*, 34 M.J. 732, 737 (N.M.C.M.R.1991). Accordingly, the findings of guilty and the sentence are set aside. The charges are dismissed. A rehearing may be ordered by the same or a different convening authority.

Senior Judges ORR and McLAUGHLIN concur.