UNITED STATES, Appellant
and Cross–Appellee

v.

Timothy M. DIES, Operations Specialist
Second Class, U.S. Navy, Appellee
and Cross–Appellant.

No. 95–5007.
Crim. App. No. 94–1117.

U.S. Court of Appeals for
the Armed Forces.

Argued June 5, 1996.

Decided Sept. 30, 1996.

For the United States: *Lieutenant Andrew J. Waghorn,* JAGC, USNR (argued); *Colonel Charles Wm. Dorman,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief).

For the Accused: *Lieutenant Estela I. Velez,* JAGC, USNR (argued).

*Opinion of the Court*

COX, Chief Judge:

A military judge sitting as a general court-martial at Naval Station Treasure Island, San Francisco, California, convicted the accused, pursuant to his conditional pleas, of wrongfully distributing lysergic acid diethylamide, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The judge sentenced him to a bad-conduct discharge, confinement and forfeiture of $500 pay per month for 18 months, and reduction to E–1. The convening authority approved the sentence.

By agreement with the Government, the accused's pleas were conditioned upon his right to appeal the military judge's adverse ruling on his speedy-trial motion. Before the Court of Criminal Appeals, the accused raised the speedy-trial issue. That court agreed with the accused, set aside the findings and the sentence, and dismissed the charges. However, agreeing with the military judge that the accused "had not suffered any prejudice that would give rise to a due process claim and that the facts likewise did not raise an issue under either the Sixth Amendment or Article 10," UCMJ, 10 USC § 810, the Court of Criminal Appeals dismissed the charges without prejudice,[1] permitting appropriate authorities to order a rehearing. 42 MJ 847, 851 (1995).

---

1. The court below did not make this explicit, as it   should have, but its intent is apparent.

The Judge Advocate General of the Navy initially certified to us the correctness of the Court of Criminal Appeals' decision pursuant to Article 67(a)(2), UCMJ, 10 USC § 867(a)(2) (1994). Specifically, the Judge Advocate General asked:

WHETHER THE AMENDMENT TO RCM 707 FOUND IN CHANGE FIVE TO THE MANUAL FOR COURTS–MARTIAL REQUIRES THE PROSECUTION TO MAKE A WRITTEN REQUEST TO THE CONVENING AUTHORITY OR, IN THE ALTERNATIVE, A MOTION BEFORE THE TRIAL COURT TO EXCLUDE FROM THE SPEEDY TRIAL CLOCK PERIODS OF AN ACCUSED'S UNAUTHORIZED ABSENCE.

The accused then cross-petitioned this Court raising this issue, which we granted:

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED WHEN IT FAILED TO DISMISS THE CHARGES WITH PREJUDICE AFTER FINDING A SPEEDY TRIAL VIOLATION UNDER RCM 707.

We answer the certified issue in the negative. This resolution moots the granted issue.

The version of RCM 707 in effect at the time of the accused's court-martial (Manual for Courts–Martial, United States, 1984 (Change 5, effective July 6, 1991)), provides, in pertinent part:

(a) *In general.* The accused shall be brought to trial within 120 days after the earlier of:

(1) Preferral of charges;

\* \* \*

(c) *Excludable delay.* All periods of time covered by stays issued by appellate courts and all other pretrial delays approved by a military judge or the convening authority shall be excluded when determining wheth-er the period in subsection (a) of this rule has run.

(1) *Procedure.* Prior to referral, all requests for pretrial delay, together with supporting reasons, will be submitted to the convening authority or, if authorized under regulations prescribed by the Secretary concerned, to a military judge for resolution. After referral, such requests for pretrial delay will be submitted to the military judge for resolution.

The issue in this case is how to treat the accused's 23–day unauthorized absence, which occurred after preferral of charges but before the initial session of the court-martial.[2] Including the 23 days, more than 120 days of pretrial delay were attributable to the Government. Not including the 23 days, fewer than 120 days were attributable to Government. Prior to sentencing, the accused was not in restraint.

The forerunner to the current version of RCM 707 listed a multitude of events or periods to be excluded from the 120–day limitation. Among these was: "(6) Any period of delay resulting from the absence or unavailability of the accused." RCM 707, Manual, *supra* (Change 3, effective March 12, 1987).

Under the prior RCM 707, we frequently had occasion to criticize a pattern of trial practice in which counsel for both parties failed to stipulate or document contemporaneously the reasons for various pretrial delays, resulting in initial court-martial sessions occurring after 120 days had passed. *See United States v. Longhofer,* 29 MJ 22 (CMA 1989); *United States v. Maresca,* 28 MJ 328 (CMA 1989); *United States v. Carlisle,* 25 MJ 426 (CMA 1988). Not surprisingly, motions to dismiss for want of speedy trial generally ensued. What resulted often were pathetic side-shows of claims and counterclaims, accusations and counter-accusations, proposed chronologies and counter-proposed

2. The accused was initially charged with an unauthorized absence but, in the negotiated pretrial agreement, the convening authority agreed to accept the accused's plea of guilty only to the drug Charge and specification, in exchange for a specified maximum punishment. The military judge's factual finding that the accused was an unauthorized absentee for the 23–day period is not before us for review. In any event, we note that the accused's own testimony on the motion provided a substantial basis for the judge's conclusion that the accused, a 4–year Navy veteran, well realized he was departing without permission of competent authority.

chronologies, and always the endless succession of witnesses offering hindsight as to who was responsible for this minute of delay and who for that over the preceding months. The military judge then had to sift through this minutiae and make factual determinations regarding events long passed and often vaguely indicated. Regularly, the record of these collateral matters exceeded in length that of the merits and the sentencing phases combined.

Apparently, in reaction to our criticism, the rule drafters took a giant step forward and abandoned the catalog-of-excluded-periods approach, sending to the President the current contemporaneous-ruling approach (*sans* substantive guidelines). *See* Drafters' Analysis to RCM 707(c), Manual for Courts–Martial, United States (1995 ed.) at A21–41. Applying this new rule and in light of our prior decisions scoring counsel for failing to secure contemporaneous rulings, the Court of Criminal Appeals concluded that the Government was accountable for the period of the accused's unauthorized absence.

We agree wholeheartedly with the Court of Criminal Appeals to the extent that, had the Government sought a contemporaneous ruling on the accused's unauthorized absence, this issue, which has consumed two levels of appellate review and associated costs, could have been avoided altogether.

That apart, we hold that an accused who is an unauthorized absentee is estopped from asserting a denial of speedy trial during the period of his absence, at a minimum. This is to say that he has waived—by conduct—his right to a speedy trial as to that interim at least. We will not require the Government to undertake futile efforts to proceed to trial while an accused is so absent. *See* RCM 804 (court-martial proceedings may not commence without presence of accused). Nothing in our prior decisions suggests that an accused's unauthorized absence imperils the Government's ability to fulfil its speedy-trial

obligation. *See United States v. Powell,* 38 MJ 153 (CMA 1993); *United States v. Turk,* 24 MJ 277 (CMA 1987). Indeed, we see nothing even in the current version of RCM 707 that assesses the Government for an accused's absence. If anybody should be before a convening authority or a court "request[ing] ... [a] pretrial delay" in that event, it should be the defense, not the Government. Even RCM 707(c), *"Excludable delay,"* merely indicates that stays and delays approved by courts or convening authorities are excluded. The rule does not say that those, and only those, stays and delays are excludable. There can be no doubt, nonetheless, that the Government always runs the risk of an adverse ruling when it allows a significant delay event to pass without seeking a ruling. Our limited holding today is consistent not only with our prior case law, but with the law in general. The Federal Speedy Trial Act, 18 USC § 3161, and the ABA Standards for Criminal Justice, Speedy Trials (1986)—both referenced by the drafters of the Rules for Courts–Martial, *see* Drafters' Analysis of RCM 707, Manual, *supra* (1995 ed.) at A21–40—contain explicit exemptions for periods of absence by the accused. 18 USC § 3161(h)(3)(A) and ABA Standards at 12–2.3(e).

Though the Court of Criminal Appeals' interpretation is understandable, we hold that it erred in setting aside the findings and sentence and dismissing the Charge and its specification.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals setting aside the findings and sentence is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for completion of its Article 66, UCMJ, 10 USC § 866, review.

Judges SULLIVAN, CRAWFORD, GIERKE, and ANDERSON [3] concur.

---

**3.** Judge G. Ross Anderson, Jr., of the United States District Court for the District of South Carolina, sitting by designation pursuant to Article 142(f), Uniform Code of Military Justice, 10 USC § 942(f).