**UNITED STATES, Appellant,**

v.

**Paul L. TURK, 244 06 2946, Electronics Technician Third Class (E–4), U.S. Navy, Appellee.**

**Misc. Dkt. No. 86–03.**

U.S. Navy-Marine Corps Court of Military Review.

29 May 1986.

CAPT H.C. LASSITER, USMCR, Appellate Government Counsel.

LCDR J.J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LT DANIEL D. DOWNING, JAGC, USNR, Appellate Defense Counsel.

MIELCZARSKI, Judge:

This is a Government appeal seeking reversal of a military judge's ruling granting a defense motion to dismiss charges because of a failure to bring appellee to trial within the 120 day period specified by R.C.M. 707(a). We reverse the military judge's decision and remand for further proceedings.

The charges allege that on 17 June 1985 appellee missed movement of his unit, the USS TATTNALL (DDG–19) then located at Naval Station, Mayport, Florida, and began an unauthorized absence of 142 days. Subsequently, on 6 November 1985 appellee terminated his absence by surrendering at the Naval Station, Mayport, Florida. Appellee was placed on pretrial restriction overnight and the 120 day speedy trial clock began to run on 7 November. Since his ship was still deployed to the Indian Ocean, appellee was billeted in the legal hold barracks at Mayport. He was released from pretrial restriction on 7 November, but was subjected to conditions on his liberty until 28 November, when he departed Mayport to rejoin his ship. From 28 to 30 November he traveled under technical arrest orders and rejoined his ship at Bahrain on 30 November. He was immediately placed on premast restriction. On 2 December, while the ship was under way, he was released from restriction; but he was notified he was designated a class "Charlie" liberty risk and was therefore ineligible for liberty when the ship was in port. On 10 December appellee was informed that his case would not be disposed of at mast, but at a court-martial. On 12 January 1986 appellee was transferred from his ship via ASU Bahrain to the U.S. Naval Station, Rota, Spain where he arrived on 15 January. On 3 February charges were preferred and on 4 February they were referred to a special court-martial. Appellee was notified of the preferral of charges on 4 February and served with a copy of the referred charges on 5 February.

The court-martial proceedings began on 17 March (some 131 days after his initial restriction at Mayport) and appellee moved to dismiss the charges based on the Government's failure to comply with the 120 day requirement of R.C.M. 707(a). The military judge took evidence (primarily the testimony of appellee), heard argument on the motion, and dismissed the charges on 18 March. On 21 March the military judge heard the Government's argument on reconsideration and reaffirmed his prior ruling. The Government then filed timely notice of intent to appeal his ruling.

Having examined the record below with special consideration given to the trial judge's findings of fact and conclusions of law, we conclude that the military judge erred as a matter of law for the following reasons. First, he failed to exclude periods of time authorized under R.C.M. 707(c)(3) and (6). In particular we believe that the 24 day period involved in transporting the appellee from the place where he terminated his absence to his unit is properly accountable to him under

R.C.M. 707(c)(6). This is so because the commanding officer of his ship was the proper official to make the initial disposition of appellee's alleged offenses. *See* R.C.M. 306(a). We believe the specific deference in R.C.M. 306(a) to an accused's commanding officer is a significant aspect of command prerogative and responsibility and is an important consideration in a commander's role in preserving discipline within his unit. Where, as here, an accused's alleged misconduct makes him unavailable to his commander to make an initial disposition, it is proper that the accused bear the consequences of his misconduct. *See generally United States v. Lilly,* 22 M.J. 620, (N.M.C.M.R.1986). This general rule must, of course, be limited to situations where the Government acts reasonably and without improper purpose. This record contains no finding of fact or other indication that the Government acted unreasonably or with improper purpose in returning appellee to his ship for initial disposition of the alleged offenses.

■ In addition, we note that the chronology of events in Appellate Exhibit I advanced at trial by individual military counsel as fact, but as to which the military judge made no findings, indicates that the originally detailed defense counsel joined with the Government in postponing the case on 26 February to a date uncertain. Thereafter, appellee requested individual military counsel on 3 March, and on 5 March individual military counsel was made available. On 6 March individual military counsel inquired about an available trial date and then informed the military judge that the defense would be ready to proceed on 17 March. (*See generally United States v. Burris,* 21 M.J. 140 (C.M.A. 1985) for the ethical responsibilities of counsel negotiating, *ex parte,* a trial date with the judiciary). We believe that the military judge was remiss in failing to explore this approximately 19 days of excludable time under R.C.M. 707(c)(3) and making appropriate specific findings of fact before resorting to the drastic remedy of dismissing the charges. (This omission was admittedly compounded by the trial counsel's failure to develop these events).

■ A second reason for our action is based on the military judge's finding of fact that appellee was subjected to conditions on his liberty after he reported to the Naval Station, Rota. While we recognize our general obligation to give due deference to the findings of fact made by the trial bench below, we are not required to do so where the finding of fact is unsupported by the evidence or clearly erroneous. *United States v. Burris, supra.* The record in this case contains *no* evidence of appellee's status after he was transferred from his ship and attached to Naval Station, Rota. We note that the order restricting his liberty opportunity applied to situations where appellee was a participating member of the ship's crew. By its terms the Sixth Fleet Instruction which was the basis for the restricted liberty classification required review of the classification by the commanding officer each time the ship arrived in port. We believe that the military judge's inference that appellee's restricted liberty classification continued after his transfer to a shore activity is therefore clearly erroneous. Since charges were not pending until 3 February 1986 when they were preferred, *United States v. Gray,* 21 M.J. 1020, (N.M.C.M.R.1986), the 18 day period after he departed his ship where there is no evidence of restraint or conditions on appellee's liberty represents a significant period sufficient to restart the 120 day speedy trial clock under R.C.M. 707(b)(2). *See United States v. Gray, supra; see also United States v. Hulsey,* 21 M.J. 717 (A.F.C.M.R.1985).

Finally, although not necessary for our disposition of this appeal, we note parenthetically our disagreement with the military judge's determination that the class "Charlie" liberty status appellee was subjected to under the Sixth Fleet Instruction constituted a condition on liberty under R.C.M. 304(a)(1). By its terms the Instruction is an administrative action unrelated to the discipline process employed to minimize incidents ashore in foreign ports which

might bring discredit on the United States. We believe this is a legitimate concern of command and note that this administrative action could be taken even where disciplinary action against a service member was not contemplated or even where disciplinary action was already completed. Abuse in its imposition is subject to the safeguards of request mast and complaints of wrong against the commander under Article 138, Uniform Code of Military Justice. Additionally, we note that, while not applicable to appellee's case, recent amendments to the *Manual for Courts-Martial, 1984* make consideration of restraints on liberty a moot issue with respect to future speedy trial practice. *See* Exec. Order No. 12,550, 51 Fed. Reg. 6497 (1986).

Accordingly, the decision of the military judge to dismiss the charges and specifications is reversed. The case is remanded to the military judge for further proceedings not inconsistent with this decision.

Senior Judge COUGHLIN and Judge DECARLO concur.