**UNITED STATES, Appellee,**

v.

**Paul L. TURK, Electronics Technician Third Class U.S. Navy, Appellant.**

**No. 55,399.**
**NMCM Misc. Dkt. No. 86–03.**

U.S. Court of Military Appeals.

July 20, 1987.

For Appellant: *Major James Carlsen, USMC* (argued); *Lieutenant Commander J.J. Quigley, JAGC, USN* and *Lieutenant Daniel D. Downing, JAGC, USNR.*

For Appellee: *Captain H.C. Lassiter, USMCR* (argued); *Captain Carl H. Horst, JAGC, USN.*

*Opinion of the Court*

COX, Judge:

Charges alleging appellant's unauthorized absence from his ship and missing movement of the same ship, in violation of

Articles 86 and 87, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 887, respectively, were referred to a special court-martial. Trial defense counsel moved to dismiss the charges on the basis that appellant had been denied a speedy trial. R.C.M. 707(a), Manual for Courts-Martial, United States, 1984.[1]

The military judge made various findings of fact. Significantly, he found that on June 17, 1985, appellant was declared "an unauthorized absentee, and to have missed movement" of his ship, the USS TATTNALL (DDG–19). He terminated his absence by surrendering to naval authorities at the Naval Station, Mayport, Florida, on November 6. Because the ship was deployed to the Indian Ocean, appellant was not immediately returned to it. He departed Mayport under "temporary arrest orders" on November 28 and rejoined the vessel on November 30. The military judge concluded that naval authorities had imposed various "conditions on [appellant's] liberty" and, therefore, that the Government was required to bring appellant to trial within the 120–day period specified by R.C.M. 707(a). The military judge determined that the rule had been violated and dismissed the charges.

The Government sought reconsideration but the military judge adhered to his original ruling. In due course, Government counsel filed an appeal with the United States Navy-Marine Corps Court of Military Review pursuant to Article 62, UCMJ, 10 U.S.C. § 862. That court reversed the military judge's decision and remanded the case for further proceedings. 22 M.J. 740 (1986) Thereafter, appellant filed a petition for grant of review with this Court, which we granted. 23 M.J. 156 (1986)

The review of a military judge's ruling pursuant to Article 62 shall be limited to review of "matters of law." *United States v. Burris*, 21 M.J. 140, 143 n.6 (C.M.A. 1985). A determination of fact by a military judge shall "not be disturbed [on appeal] unless it is unsupported by the evidence of record or was clearly erroneous." *United States v. Middleton*, 10 M.J. 123, 133 (C.M.A. 1981).

Our review of this record leads us to agree, as a matter of law, with a significant holding by the Court of Military Review. As stated in the opinion below, the decision whether to prosecute by court-martial or to dispose of the alleged offenses by either nonjudicial punishment or administrative action is a proper prerogative of command. R.C.M. 306(a). 22 M.J. at 741–42. Because of the unique nature of a naval command, *i.e.*, it is often aboard a ship at sea, it is an appropriate exercise of command responsibility that a sailor be returned to his ship for disposition of the charges against him. Where his voluntary absence from the ship creates a time-lapse between his return to Navy control and his subsequent transport to his assigned ship, such time will not be charged to the Government as a matter of law. Whether a different result should be reached if an accused were confined need not be considered here.

That is not to say, as the court below noted, that the time is automatically excludable because the Navy must act "reasonably and without improper purpose."[2] *Id.* at 742. But it is a reasonable interpretation of R.C.M. 707(c)(6) that the time is excludable because the accused is "unavailable" to his command. Thus, the military judge erroneously charged to the Government the entire period of time from appellant's return to Navy control to his return to his ship—a period of 24 days—so

---

1. R.C.M. 707(a), provides:

    (a) *In general.* The accused shall be brought to trial within 120 days after notice to the accused of preferral of charges under R.C.M. 308 or the imposition of restraint under R.C.M. 304, whichever is earlier.

2. R.C.M. 707(c)(6) provides:

    *Exclusions.* The following periods shall be excluded when determining whether the period in subsection (a) of this rule has run—

    *     *     *     *     *     *

    (6) Any period of delay resulting from the absence or unavailability of the accused.

the 120–rule was not violated. R.C.M. 707(a).

We need not decide whether the time period occasioned by defense counsel's setting of a trial date should have been excluded, and we do not discuss the issue of "conditions on liberty." They are not necessary to the resolution of this case.

We hold that the Court of Military Review did not err in its resolution of this issue. This conclusion does not preclude appellant from litigating the question of whether the 24–day time period was unreasonable or resulted from an improper purpose.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.