**UNITED STATES, Appellee,**

v.

**Private First Class Robert J. ALEXAN-DER, 321–64–0721, United States Army, Appellant.**

**ACMR 8701090.**

U.S. Army Court of Military Review.

28 April 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. Vanderboom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Joseph P. Falcone, JAGC.

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of desertion, escape from confinement, nine specifications of forgery, impersonating an officer, and absence without leave. He was sentenced to a dishonorable discharge, confinement for forty-seven months, forfeiture of $500.00 pay per month for eighteen months, and reduction to Private E–1. The convening authority approved the sentence.

Appellant alleges that the military judge erred by not dismissing some of the charges for lack of speedy trial in violation of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 707 [hereinafter M.C.M., 1984 and R.C.M., respectively]. We disagree and affirm.

On 20 August 1985, charges were preferred against appellant for larceny and forgery. On 1 November 1985, appellant absented himself without authority (AWOL). His AWOL terminated on 8 November 1985 and he was placed in pretrial confinement for the pending charges and additional charges of impersonating an officer and the AWOL. It is these latter offenses which are the subject of appellant's assignment of error.

On 3 December 1985, appellant escaped from confinement. He remained absent for fourteen months. On 3 February 1987, he was apprehended by the Chicago (Illinois) Police. He was returned to Fort Stewart, Georgia and placed in confinement on 19 February 1987. On 11 March 1987, charges were preferred against appellant for desertion and escape from confinement in addition to some of the charges which

had been originally preferred.[1] Charges were referred to trial by general court-martial on 13 April 1987. Appellant was tried on 15 May 1987.

Appellant relies on R.C.M. 707(d), and *United States v. Burton*, 44 C.M.R. 166 (C.M.A. 1971), for the proposition that no accused shall be held in pretrial arrest or confinement in excess of 90 days for the same or related charges. In the alternative, appellant relies on R.C.M. 707(a) which provides that an accused shall be brought to trial within 120 days of either notice to him of preferral of charges or imposition of restraint, whichever occurs earlier. By adding the twenty-five days pre-desertion confinement and seventy days post-desertion confinement, appellant contends that the government is responsible for at least ninety-five days of pretrial confinement. Thus, appellant asserts, R.C.M. 707(d) has been violated and the charges pending at the time of his escape from confinement should be dismissed. Appellant uses similar reasoning in tabulating a period greater than 120 days for R.C.M. 707(a) purposes.

The sole question presented here is whether an escape from confinement and an ensuing fourteen-month desertion will start the speedy trial clock anew subsequent to appellant's apprehension. In applying *Burton*, the Court of Military Appeals determined that an unauthorized absence restarts the speedy trial clock. *United States v. O'Brien*, 48 C.M.R. 42 (C.M.A. 1973). An attempt was made by the drafters of R.C.M. 707 to call for a reexamination of *Burton*. *See* M.C.M., 1984, Analysis of R.C.M. 707(d), App. 21, A21–37.

*See also United States v. McCallister*, 24 M.J. 881 (A.C.M.R.1987), *petition for review granted*, 26 M.J. 171 (C.M.A.1987). That attempt for a reexamination with a result favorable to the government apparently has failed. *See United States v. Harvey*, 23 M.J. 280 (C.M.A.1986) (memorandum opinion and order). It appears that the related cases to *Burton* "born in the bygone days of yesteryear"[2] are alive and well. We see no reason for not applying those rules to R.C.M. 707. Consequently, we hold that appellant's escape from confinement and fourteen-month desertion caused the speedy trial clock to start anew.[3] *But see United States v. Lilly*, 22 M.J. at 620. To hold otherwise would defy common sense and would reward appellant for his misconduct.[4]

We have considered the issue personally asserted by appellant and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.

---

1. On 25 March 1987, the November 1985 AWOL was again preferred. There is no explanation why the charges preferred prior to appellant's escape from confinement were preferred anew. Fortunately, this case had no statute of limitation problems. *See* R.C.M. 907(b)(2)(B).

2. *United States v. Lilly*, 22 M.J. 620, 626 (N.M.C. M.R.1986).

3. We believe that the delay in this case can also be justified for good cause under R.C.M. 707(c)(9), applying the two-prong test announced in *United States v. Durr*, 21 M.J. 576, 578 (A.C.M.R.1985).

4. We recognize that in the Army a deserter is dropped from the roles and no longer is a member of the unit. The deserter's personnel records, to include charge sheets, are forwarded to a central location. When the individual is returned to military control and arrives at an assigned unit, his records must be requested. Essentially, the government must restart the processing of his case. *See* Army Regulation 630–10, Absence Without Leave and Desertion (15 July 1984).