**UNITED STATES, Appellee,**

v.

**Private First Class Chad P. MILLER, 266–97–1895, United States Army, Appellant.**

**ACMR 8702890.**

U.S. Army Court of Military Review.

19 Aug. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Mark E. Frye, JAGC (on brief).

Before FELDER, GILLEY and KENNETT, Appellate Military Judges.

OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of stealing stereo equipment worth almost $3,000.00 from two soldiers in his barracks, in violation of Article 121,

Uniform Code of Military Justice, 10 U.S.C. § 921 (1982). The officer and enlisted members of the general court-martial sentenced him to a bad-conduct discharge, confinement for one year, total forfeiture of pay and allowances, and reduction in grade to Private E–1. The convening authority approved the sentence.

The appellant contends that the military judge erred in finding that five days of hospitalization was a significant break in his pretrial restraint, thereby postponing government accountability for providing a speedy trial. We disagree with this contention. On the third day of restriction tantamount to confinement the appellant attempted suicide by cutting his wrists. He was admitted to an Army hospital and pursuant to normal hospital procedures for attempted suicide cases was restricted there for five days. Upon his release from the hospital, restriction, not tantamount to confinement, was imposed. Twenty-two days later, charges were preferred and the appellant was notified of them. This trial was held on the one hundred twentieth day of that renewed restriction.

### A.

■ First, we consider whether the five days of restriction at the hospital are accountable to the government. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 707(a) specifies that the government must bring an accused to trial within 120 days of restraining him for the offenses being tried. The Manual further specifies that certain days are not accountable to the government. Additionally, R.C.M. 304(h) provides:

> *Administrative Restraint.* Nothing in this rule prohibits limitations on a servicemember imposed for operational or other military purposes independent of military justice, including administrative hold or medical reasons.

Here, the appellant's attempt on his life provided the basis for restriction in the hospital. Thus, appellant was restricted in the hospital for medical reasons, entirely independent of the pursuit of military justice. *See United States v. Carlisle,* 25 M.J. 426, 428 (C.M.A.1988) (government ac-

countable for each day an accused is *available* for trial). Accordingly, we exclude the restriction at the hospital from the total of accountable days.

### B.

■ Next, we consider whether the restriction tantamount to confinement, before the hospitalization, would count against the government. If the hospitalization caused a new running of the stopwatch, this three days would not be added to the days attributable to government processing. Rule for Courts–Martial 707(b)(2) provides for resetting the 120–day stopwatch when, prior to preferral of charges, the accused was released from pretrial restraint for a "significant period." We find the five-day period of appellant's hospitalization, albeit in restriction, was a "significant" period because (a) the five-day hospitalization occurred due to the appellant's suicide attempt, (b) the hospital, not the unit command, imposed the hospitalization and its attendant restraint, and (c) this interruption occurred very early in the processing of this case—without hint of gamesmanship to cover any derelict administration. *See United States v. Carlisle,* 25 M.J. at 429 (government not permitted to hide negligent processing behind technical rules). *Cf. United States v. Gray,* 26 M.J. 16, 20 (C.M.A.1988) (thirty-four day release from pretrial confinement significant); *United States v. Turk,* 22 M.J. 740, 742 (N.M.C.M.R.1986) (eighteen days without restraint a significant period), *aff'd on other grounds,* 24 M.J. 277 (C.M.A.1987); *United States v. Hulsey,* 21 M.J. 717, 718 (A.F.C.M.R.1985) (five-day interruption, when not in restraint, found significant), *petition denied,* 22 M.J. 353 (C.M.A.1986). Accordingly, the stopwatch ran anew, and no speedy trial violation occurred.

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge KENNETT concur.