**UNITED STATES**

v.

**Jimmy J. BROWN, 416 11 9879, Ship's Serviceman Seaman (E–3), U.S. Navy.**

**NMCM 89 2210.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 22 March 1989.

Decided 12 March 1990.

LT Mary Anne Razim, JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before McLERAN, HILTON and RUBENS, JJ.

RUBENS, Judge:

Consistent with his conditional guilty pleas, a military judge sitting alone as a special court-martial convicted appellant of unauthorized absence, missing movement through neglect, larceny of two traveler's checks, and wrongful possession of a military identification card in violation of Articles 86, 87, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 887, 921, and 934, respectively. The military judge sentenced appellant to confinement for 2 months, reduction to E–1, forfeiture of $250.00 pay per month for 2 months, and a bad-conduct discharge. The convening authority approved the sentence but suspended confinement in excess of 45 days in accordance with the pretrial agreement.

Appellant alleges as his single assignment of error that the military judge erred in granting the Government an additional 15 days of excludable delay and in denying appellant's motion to dismiss for lack of a speedy trial. The military judge adopted the following stipulated chronology agreed to by the parties:

| | |
|---|---|
| 24 Oct 88 | Charges preferred against the accused |
| 25 Oct 88 | Accused given notice of charges by Government |
| 2 Dec 88 | Accused goes UA |
| 5 Dec 88 | Accused returns to military control |
| 16 Dec 88 | Accused goes UA |
| 27 Dec 88 | Charges are "withdrawn without prejudice" |
| 28 Dec 88 | Accused misses his trial date for special court-martial in Charleston, SC |
| 29 Dec 88 | Accused returns to military control |
| 30 Dec 88 | USS Sellers begins Mediterranean cruise which continues to present |
| 3 Mar 89 | Accused notified of preferral of charges which were originally preferred on 24 Oct plus additional charge from most recent UA; charges referred |
| 21 Mar 89 | Accused arraigned; motion session |

The military judge found that 147 days had elapsed between preferral of charges and trial, but excluded 31 days resulting from the absence or unavailability of the accused in accordance with Rule for Courts–Martial (R.C.M.) 707(c)(6), Manual for Courts–Martial (MCM), United States, 1984, and *United States v. Lilly*, 22 M.J. 620 (NMCMR 1986). This exclusion reduced the elapsed time to less than 120 days and, thus, the military judge concluded that R.C.M. 707(a)(1) had not been violated. The 31 days consisted of 16 days of unauthorized absence and 15 days which the military judge found was

> a period of delay resulting from the absence of the accused. This 15 days is[,] in my estimation, a reasonable time period to allow the Government to re-refer the original charges and join them with the two later unauthorized absence offenses alleged against the accused and also, of course, to obtain counsel to try this case. This additional period places the Government in the same position that it was when the accused absented himself. . . .

Appellant objects to this 15 day exclusion on appeal.

In *Lilly, id.* at 624, this Court held that the R.C.M. 707(c)(6) exclusion includes not only the period an accused is in the status of unauthorized absence, but also "such other time as is deemed to be reasonably resultant from the absence, including the trial of new offenses, bearing in mind the principles of government diligence and good cause which underly all of the exclusions." The Court reasoned that an absence can disrupt the trial docket, the Government equitably should be put back in the place it was prior to the absence, and

there is no need to examine other R.C.M. 707 exclusions because good cause and due diligence intellectually underpin all of the exceptions anyway.

The military judge applied the R.C.M. 707(c)(6) exclusion and the *Lilly* rationale to these facts and concluded that 15 additional days of delay reasonably resulted from the accused's two absences. The command had docketed the appellant for trial on 28 December 1988, but "withdrew" the charges and removed the case from the trial docket because the appellant was absent again and had committed additional offenses since the charges had been preferred and referred. We also note the following: appellant returned the day after the original trial date; the ship sailed the day after that for the Mediterranean; the ship conducted operations in the Atlantic and the Mediterranean until virtually the date of trial; and the ship was a small one (*i.e.*, a DDG) which did not have counsel aboard. The military judge did not fully explain the factual basis for his conclusion that the Government was entitled to 15 additional excludable days and we see no evidence in the record which would support this particular finding.[1] However, we find that the entire period from 30 December 1988 (when the ship sailed) to 3 March 1989 (when the accused was notified of the preferred charges) is delay reasonably resulting from the appellant's voluntary absences. The charges against appellant would have been disposed of before the ship deployed if he had not absented himself. Appellant's absences induced the Government to remove his case from the trial docket so as to avoid the futile tying up of scarce legal resources. Appellant, of course, returned shortly thereafter from his second absence. The ship was entitled to deploy with him because appellant was, after all, part of the crew and it appears from the charges that some of the evidence and witnesses were aboard, but the ship was not able to further process the charges until it made a port call where legal services were available.[2] If the appellant had missed the sailing, moreover, but then surrendered, the delay until he returned to his ship for disposition of the charges would not have been chargeable to the Government for speedy trial purposes. *United States v. Turk*, 24 M.J. 277, 278 (C.M.A.1987); *United States v. Tebsherany*, 30 M.J. 608, (NMCMR 1990). We see no relevant difference in speedy trial accountability between the circumstances in this case and those in *Turk*.

The exclusion of this period reduces the Government's speedy trial accountability significantly below 120 days. Thus, we conclude that R.C.M. 707(a)(1) was not violated and the allegation of error is meritless. Because of our reliance on R.C.M. 707(c)(6) and *Lilly*, we need not consider the Government's two other justifications for the delay.[3] Accordingly, the findings and sentence are affirmed.

Senior Judge McLERAN and Judge HILTON concur.

---

1. The military judge may have judicially noted *sub silentio* that the processes he described (re-referral of charges, joinder with other charges, and the procurement of counsel) reasonably take 15 days. There is no evidence in the record as to the time reasonably required to do these acts. *But c.f. United States v. Hill*, 31 M.J. 543 (NMCMR 1990) (Court would not presume military judge judicially noticed a fact of consequence to the determination of the case).

2. It is important to note that there is no necessary relationship between the length of the absences and the length of the resultant delay.

The timing, relative sequence of events, and relationship between the absence and other events (*i.e.*, a trial date) are more important factors. Thus, short absences may cause long delays. Conversely, long absences may cause only short delays under other circumstances.

3. The trial counsel argued at trial that the 28 December 1988 "withdrawal" of charges was, in fact, a "dismissal" of charges which would set the speedy trial clock to zero in accordance with R.C.M. 707(b)(2). *See United States v. Lorenc*, 30 M.J. 619 (NMCMR 1990). The Government also argued that the ship's two deployments constituted an unusual operational requirement

and were thus excludable under R.C.M.