**UNITED STATES, Appellee,**

v.

**Private E1 Gregory SMITH, 065–50–6699, United States Army, Appellant.**

**ACMR 8903672.**

U.S. Army Court of Military Review.

4 Jan. 1991.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain W. Renn Gade, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Mark E. Frye, JAGC (on brief).

Before NAUGHTON, CORRIGAN and JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

CORRIGAN, Judge:

Contrary to his pleas, the appellant was found guilty by a military judge sitting as a general court-martial of breaking arrest, wrongful distribution of 2.5 grams of cocaine, two specifications of larceny, robbery, and unlawful entry of a dwelling with

intent to commit larceny, in violation of Articles 95, 112a, 121, 122, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 895, 912a, 921, 922, and 930 (1982 & Supp. IV 1986). The convening authority approved the sentence which provides a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to Private E1.

Appellant assigns as error the denial of a motion to dismiss the charges and specifications for lack of speedy trial within the ninety-day standard of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 707(d), and *United States v. Burton*, 44 C.M.R. 166 (1971). On 12 August 1989, the appellant was apprehended for robbery and placed in a detention cell. He was brought to trial on 30 November 1989, 110 days later, not counting the first day of detention.

The appellant contends that the military judge erred by restarting the speedy-trial clock upon the appellant's return from breaking arrest and absence without leave, and by permitting the government to deduct all of the twenty-four days attributable to defense-requested delay while an offer to plead guilty was processed for decision by the general court-martial convening authority. We disagree.

■ After being placed in the detention cell on 12 August 1989, the appellant was released from the cell on 15 August 1989 and placed in a room under armed guard while awaiting the processing of a pretrial-confinement request. He climbed out the window and remained absent for two days. He was apprehended on 17 August 1989, at which time he was placed in pretrial confinement. At trial, the appellant argued that the government could only deduct the two days he was gone. The government argued that the appellant's misconduct in breaking arrest authorized a restart of the *Burton* clock. At trial and on appeal, both parties argued the issue whether the two-day period of appellant's absence was a "significant period" within the meaning of R.C.M. 707(b), authorizing the restart of the speedy-trial clock. *United States v. Miller*, 26 M.J. 959 (A.C.M.R.), *petition denied*, 28 M.J. 164 (C.M.A.1988). This argument is misplaced.

The "significant period" language of R.C.M. 707(b) and the line of cases interpreting that language (*see e.g., United States v. Hulsey*, 21 M.J. 717 (A.F.C.M.R. 1985), *petition denied*, 22 M.J. 353 (C.M.A. 1986)), are not applicable here. The case *sub judice* is quite unlike those cases where the government releases an accused from pretrial restraint. There the issue is whether the release is gamesmanship by the government to stop the *Burton* ninety-day clock. When the release is for a "significant period," the clock can be restarted. *Miller*, at 960. Here the issue is whether the appellant's own misconduct can result in a restart of the *Burton* clock. We agree with the military judge that the appellant will not be heard to claim the benefit of a tolling speedy-trial clock caused by his own misconduct. *United States v. Alexander*, 26 M.J. 587, 588 (A.C.M.R.), *petition denied*, 27 M.J. 290 (C.M.A.1988). The military judge properly restarted the speedy-trial clock on 17 August 1989, and not counting that date, calculated that the speedy-trial clock stood at 106 days.

■ The appellant next contends that the government ought not be allowed to deduct all of the twenty-four days of defense-requested delay for the purpose of processing an offer to plead guilty to the convening authority. On 26 September 1989, the appellant provided the government the offer to plead and an open-ended written request for delay until the convening authority could act on the offer. On 20 October 1989, the convening authority rejected it. The appellant contends that twenty-four days of delay is unreasonable considering that the chain of command were all on post, within ten minutes of each other, and the convening authority was located just across the street from the staff judge advocate. The government points out that the unfinished Article 32, UCMJ, investigation required transcription [1] and review by the special court-martial convening authority, the staff judge advocate, and

1. Although we might disagree with the decision    to transcribe an unfinished Article 32 investiga-

the general court-martial convening authority. Therefore, the government contends that the twenty-four-day period was not unreasonable.

The military judge found that there was some activity on the case during the twenty-four-day period, held the time reasonable, and permitted deduction of the entire period as defense delay. His finding is supported by the record and is not an abuse of discretion. *United States v. Longhofer,* 29 M.J. 22, 28 (C.M.A.1989), and cases cited. Therefore, the speedy-trial clock stood at eighty-two on the day the appellant was brought to trial.

We have reviewed the claims of error raised personally by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge NAUGHTON and Judge JOHNSTON concur.

tion in light of the extensive criminal investigation in the record, we cannot find ten days of processing ascribable to this function unreasonable. The investigating officer had not completed his investigation and was preparing to re-open it when the appellant delivered the offer to plead guilty. As noted, the government chose to transcribe the incomplete investigation and forward it through the chain of command. However, the rejection of the offer by the convening authority resulted in the requirement to complete the investigation prior to referral, adding even more processing time to the case. Mean-

while, the appellant remained incarcerated and the speedy-trial clock continued to run. A wiser choice would appear to have been to complete the Article 32 investigation before approaching the general court-martial convening authority with the offer, or to approach the convening authority while holding the investigation in abeyance (the appellant had offered to waive completion of it if his offer were accepted). Either alternative would have reduced the processing time to a point where litigation of a speedy-trial issue could have been avoided.