**UNITED STATES, Appellee,**

v.

**Sergeant LaFonda GRAY, 441–74–2788, United States Army, Appellant.**

**ACMR 9201435.**

U.S. Army Court of Military Review.

17 Sept. 1993.

For Appellant: Captain Robert L. Carey, JAGC, Captain Clayton R. Diedrichs, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Russelburg, JAGC; Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Kenneth T. Grant, JAGC, Captain Jane F. Polcen, JAGC (on brief).

Before WERNER, CREAN, and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Pursuant to mixed pleas, the appellant was convicted by a military judge sitting as a general court-martial of absence without leave, wrongful use of cocaine, and forgery, in violation of Articles 86, 112a, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a, and 923 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for eight months, forfeiture of $200.00 pay per month for eight months, and reduction to Private E1.

The appellant moved to dismiss the charges for lack of a speedy trial because of a violation of the "90–day rule" of *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). The motion was denied. This court specified the following issue:

WHETHER THE MILITARY JUDGE ERRED IN RULING THAT THE GOVERNMENT HAD NOT VIOLATED THE "90–DAY RULE" OF *UNITED STATES V. BURTON*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

Having reviewed the record and the briefs submitted by opposing counsel, we conclude that the military judge correctly denied the appellant's speedy trial motion.

The appellant was placed in pretrial confinement on 6 March 1992. Charges were preferred against him on 11 May 1992. Thereafter, the defense counsel requested a seven-day delay in the pretrial investigation conducted pursuant to Article 32, UCMJ. Charges were referred to trial on 4 June. On that same date, the trial counsel submitted a written docketing request for a trial date of 10 June asserting that the government was ready to proceed with trial on that date. The defense counsel disputed this assertion, but at the same time asked for and received a delay from 10 June until 15 June. On 15 June, the first Article 39(a), UCMJ, session was conducted. At the hearing, the appellant was arraigned and entered mixed pleas, but the military judge deferred conducting the providence inquiry until the day of trial at the specific request of the defense counsel. The defense counsel specifically declined to raise a speedy trial motion at that time and requested a trial date of 17 June. The trial counsel stated that the government would not be ready to proceed on 17 June because forensic experts from the Criminal Investigation Command (CID) and from the uri-

nalysis testing laboratory required up to ten days' notice prior to appearing as witnesses. As a result, the government requested a delay until 25 June.[1] The military judge scheduled a motions hearing for 24 June and set trial on the merits for 25 June. Counsel litigated the speedy trial motion on 24 June and the military judge denied the motion. On 24 June, the military judge also conducted the providence inquiry concerning the offense to which the appellant had previously pled guilty, found the plea provident, and accepted the appellant's plea of guilty. Trial on the merits on the remaining charges commenced on 25 June.

The government, in answering our specified issue, initially contends that the "90–day rule" set forth in *Burton* was abolished by the President when he promulgated the 1991 change to Rule for Courts–Martial 707 [hereinafter R.C.M.]. That particular contention was recently rejected by this court in *United States v. Pascascio*, 37 M.J. 1012 (A.C.M.R.1993). *See also United States v. Kossman*, 37 M.J. 639 (N.M.C.M.R.1993), *cert. for rev. filed*, Dkt. No. 90–6002/MC (C.M.A. 17 Feb. 1993).

The government next argues that the appellant was, in fact, "brought to trial" within ninety days as the appellant was arraigned on 15 June, a date within the 90–day period after excluding defense-requested delays. The government points to R.C.M. 707(b)(1) which provides that an appellant is "brought to trial at the time of arraignment." The military judge at trial also used this same definition in making his findings on the motion.

■ For purposes of R.C.M. 707, the government's period of accountability ends when the accused was "brought to trial" at the time he was arraigned. "The accused is brought to trial within the meaning of this rule at the time of arraignment under R.C.M. 904." R.C.M. 707(b)(1). However, case law construing the *Burton* "90–day rule" uses a different definition for "brought to trial" than does R.C.M. 707.

For purposes of the *Burton* rule, an accused is "brought to trial" at such time as "the functional equivalent of a trial" begins. *United States v. Cole*, 3 M.J. 220, 225 n. 4 (C.M.A.1977). An Article 39(a) session is not necessarily the functional equivalent of a trial. *See Cole*, 3 M.J. 220 (Article 39(a) session to seek continuance and to set trial date not the functional equivalent of a trial). *See also United States v. Roman*, 5 M.J. 385 (C.M.A.1978) (Article 39(a) session at which speedy trial motion is litigated tolled the ninety days; previous sessions dealing with "preliminary matters" did not); *United States v. Marell*, 49 C.M.R. 373 (C.M.A.1974) (an Article 39(a) session where pleas of guilty and findings are entered is tantamount to a trial on the merits); *United States v. Rainey*, 2 M.J. 1080 (A.C.M.R.1976), *pet. denied*, 3 M.J. 260 (C.M.A.1977) (an Article 39(a) session at which "many issues of substance" are addressed tolls the *Burton* time period). *See generally United States v. Beach*, 1 M.J. 118, 120–21 (C.M.A.1975) (Cook, J., dissenting). Under the precedents cited above, the period of accountability, for *Burton* purposes in the case sub judice, ended on 24 June when the speedy trial motion and matters concerning the appellant's guilt were actually litigated; that is, when the military judge conducted the providence inquiry and accepted the appellant's plea of guilty. Our finding regarding the termination of the period of accountability, while different from that of the military judge, does not change the outcome.

■ The standard of review which we use in determining whether the military judge erred in ruling upon speedy trial motions is abuse of discretion. Absent an abuse of discretion, the military judge's ruling will not be disturbed. *United States v. Longhofer*, 29 M.J. 22, 28 (C.M.A. 1989); *United States v. Smith*, 32 M.J. 586, 588 (A.C.M.R.1991); *Pascascio*, 37 M.J. at 1016–17. We find that the military judge erred in using the R.C.M. 707(b)(1) defini-

---

1. Apparently, the government had arranged for the expert witnesses to appear on 10 June. The defense-requested delay forced the government to reschedule the experts, which required a new "lead time" for them to appear.

tion of "brought to trial" for tolling the speedy trial clock in this case. However, he was correct in determining that no violation of the *Burton* rule occurred. We further find that the record supports the military judge's finding of fact that the government was ready to proceed on the merits of the case on 10 June, and that the delay requested by the defense counsel from 10 to 15 June caused the government to reschedule its witnesses, resulting in a further, but reasonable, delay in the trial until 24 June. *See e.g. United States v. King*, 30 M.J. 59, 66 n. 7 (C.M.A.1990). We find that all delay after 10 June is attributed to the defense.[2] When fourteen days of defense delay between 10 and 24 June are added to the seven days of defense-requested delay prior to the Article 32 investigation, the number of days attributable to the government is less than ninety days. We hold that the military judge did not err in ruling that the government did not violate the *Burton* "90–day rule."

We believe that the Court of Military Appeals should review the continuing need for the *Burton* "90–day rule" in light of R.C.M. 707. The confusion demonstrated by the government at trial in *Kossman* and by all parties in the case before us is not surprising. It is easy to confuse the requirements, standards, and triggering mechanisms of the court-imposed "90–day rule" and the Manual-imposed "120–day rule." What has become blurred is the fact that each rule is independent and is governed by subtle differences in construction and court interpretation. So long as the *Burton* rule continues to exist, there will be this confusion and uncertainty surrounding military speedy trial requirements. In the meantime, we are bound to follow the precedent of *United States v. Burton* and its progeny.

We have reviewed the two assertions of error raised in the appellant's original pleading and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge WERNER and Judge CREAN concur.

---

**2.** If, arguendo, 10 June did not begin the period of defense delay, we would find that the period of defense delay began on 15 June. The defense counsel's request to defer the providence inqui-ry on that date effectively precluded what would have been "tantamount to trial on the merits" as defined in *Marell*, 49 C.M.R. 373.