Before EDWARDS, KAPLAN, and GONZALES, Appellate Military Judges.

**UNITED STATES, Appellee,**

v.

**Sergeant Major Edward J. GLEASON, Jr., United States Army, Appellant.**

**ARMY 8803009.**

U.S. Army Court of Criminal Appeals.

14 Aug. 1997.

## OPINION OF THE COURT ON FURTHER REVIEW.

GONZALES, Judge.

A general court-martial, composed of officer members, convicted the appellant of violating Army Regulation 600–50 (having a financial conflict of interest) [hereinafter AR 600–50] and soliciting another to murder a commissioned officer in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1988) [hereinafter UCMJ]. On 29 January 1989, the convening authority, after a rehearing on the sentence, approved the adjudged sentence consisting of confinement for seven years, forfeiture of all

pay and allowances, and reduction to Private E1.

Following a *DuBay* hearing[1] ordered by this court on 22 March 1991, on the issue of unlawful command influence, we issued our initial decision in this case on 28 February 1994. In it we agreed that there had been unlawful command influence exercised in the appellant's case, but that it had not affected the findings of guilty. Nevertheless, we set aside and dismissed the findings of guilty as to the Article 92, UCMJ, offense, because the evidence indicated that the appellant's financial interest was in the future and we read AR 600–50 to prohibit only a present financial interest. We affirmed the findings of guilty as to the Article 134, UCMJ, offense.[2] However, in reassessing the sentence, we were not convinced beyond a reasonable doubt that the sentence was unaffected by unlawful command influence and affirmed only so much of the sentence as provided for reduction to Private E1. *United States v. Gleason*, 39 M.J. 776 (A.C.M.R.1994).[3]

The United States Court of Appeals for the Armed Forces [hereinafter Court of Appeals] reversed this court's decision on 27 September 1995, on the basis that the unlawful command influence did affect the findings of guilt as well as the sentence of the court-martial.[4] The Court of Appeals set aside the findings of guilty as to the Article 134, UCMJ, offense and the sentence, but authorized a rehearing on this offense. In the alternative, it also authorized the convening authority to approve the implied findings of guilty to a lesser included offense under Article 134, UCMJ (solicitation to falsely incriminate and discredit a commissioned officer), and order a rehearing on the sentence only for this lesser included offense.[5] However, if the convening authority deemed a rehearing on the sentence for the approved lesser included offense impracticable, as a third course of action, the convening authority could approve a sentence of no punishment. *United States v. Gleason*, 43 M.J. 69 (1995).

After attempts to exercise the first two options, in order, were unsuccessful, the convening authority, on 27 January 1997, approved the lesser included offense under Article 134, UCMJ, and a sentence of no punishment. Earlier, on 7 September 1996, after several Article 39(a) sessions pursuant to the government's attempt to conduct a rehearing on the solicitation to commit murder charge (option one), the military judge dismissed this charge without prejudice for lack of a speedy trial under the 120–day time period of Rule for Courts–Martial 707 [hereinafter R.C.M.].[6] After a second at-

1. *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411, 1967 WL 4276 (1967).

2. We noted that evidence of the appellant's guilt as to the Article 134, UCMJ, offense was "overwhelming."

3. Prior to our decision, the appellant completed his sentence to confinement and was retired in the rank of Private E1 effective 1 April 1993.

4. The effect of setting aside the findings and the sentence was to restore to the appellant his pre-court-martial rank of sergeant major.

5. Two of the options in the decision by the Court of Appeals allow for the approval of the findings of guilty as to the lesser included offense. The appellant has correctly noted during at least one Article 39(a), UCMJ, session on rehearing that the military judge at the original court-martial failed to formally enter findings of guilty as to the lesser included offense. There, the appellant plead guilty to the lesser included offense, but the government was successful in proving the greater offense under Article 134, UCMJ. As to the lesser included offense, the military judge found that the appellant "knowingly, intelligently and consciously waived his right against self-incrimination, his right to a trial of the facts by a court-martial and his right to be confronted by the witnesses against him ... [and] that the accused's pleas are made voluntarily, with a factual basis and they are accepted." Although not raised as a supplemental issue on appeal now, we note that once a guilty plea has been accepted as provident, it will not be set aside on appeal unless the record contains some evidence in substantial conflict with the plea of guilty. *United States v. Higgins*, 40 M.J. 67, 68 (C.M.A.1994). We find no evidence in substantial conflict with the appellant's plea of guilty to the lesser included offense to warrant setting it aside.

6. The appellant's position was that the government was accountable for 210 days beginning on 30 October 1995, the day that the convening authority received the record of trial and the Court of Appeals' opinion authorizing a rehearing. The government's position was that it was accountable for 161 days beginning on 18 December 1996, the day the convening authority rereferred the solicitation to commit murder charge to trial. If a rehearing is ordered or authorized by an appellate court, a new 120–day

tempt to conduct a rehearing on 2 December 1996, on the sentence only for the approved lesser included offense (option two), the military judge ruled on 17 December 1996, that such a hearing was barred because the government had failed to properly reprefer the greater charge and specification that had been dismissed on 7 September 1996.

Before this court on further review under Article 66, UCMJ, the appellant asserts that the convening authority's action must be set aside because it was taken on a charge that had been dismissed by the military judge and had not been properly repreferred or rereferred to trial. We disagree.

We need not decide whether the military judge misconstrued the mandate of the Court of Appeals when he barred the government from exercising the second option. We find that the military judge's rulings at both rehearings did not limit the convening authority's authority to exercise the third option given to him by the Court of Appeals. That option was to approve the lesser included

offense of solicitation to falsely incriminate and discredit a commissioned officer, as a completely separate and distinct offense from the greater solicitation offense, in violation of Article 134, UCMJ, and a sentence of no punishment. *United States v. Gleason*, 43 M.J. at 75. In doing so, the convening authority elected not to proceed on the greater solicitation charge. Therefore, there was no need or requirement to reprefer and rerefer the greater solicitation charge.

Accordingly, the approved findings of guilty of solicitation to falsely incriminate and discredit a commissioned officer and the sentence of no punishment are affirmed.

Senior Judge EDWARDS and Judge KAPLAN concur.

time period under R.C.M. 707 shall begin on the date that the responsible convening authority receives the record of trial and the opinion authorizing or directing a rehearing. R.C.M. 707(b)(3)(D). Although the military judge did not identify the day when the 120–day time period began in his findings of fact and conclusions of law, according to the stipulated chronology (Appellate Exhibit XIV), the general court-martial convening authority at Fort Leavenworth, Kansas, received the record of trial and the Court of Appeals' opinion authorizing a rehearing on 30 October 1995. On day 49 (18 December 1995), the convening authority rereferred the solicitation to commit murder offense. On day 88 (26 January 1996), a request was forwarded to the Commander, U.S. Army Personnel Command to recall the appellant from retired status to active duty. On day 172 (19 April 1996), amended orders recalling the appellant to active

duty under the correct authority were issued. On day 211 (28 May 1996), the appellant reported to Fort Leavenworth. On day 238 (24 June 1996), the appellant was arraigned. The difference between the appellant's 210–day count and 238–day count stated in the previous sentence, is the 28–day stay this court granted from 18 April 1996 to 16 May 1996, while we considered the appellant's Petition for Extraordinary Relief on his recall to active duty. We further note that on day 268 (24 July 1996), litigation on the speedy trial motion began, and on day 313 (7 September 1996), the military judge signed his findings of fact and conclusions of law. The 120th day from 30 October 1995, was 27 February 1996, and from 18 December 1995, was 16 April 1996, a calculation that everyone should have been able to make on day one, regardless of the beginning date they chose. *See United States v. Carlisle*, 25 M.J. 426, 428 (C.M.A.1988).